# Commonwealth *v.* Ware, Appellant.

*Criminal law—Murder—Evidence—Condition of premises after killing—Photographs—Credibility—Lapse of time.*

1. In a prosecution for homicide, proof of the condition of things surrounding, or in the vicinity of, the body of the deceased, which tends to shed light on the circumstances of the killing, is proper evidence; and the fact that the corpse was not discovered until two days subsequent to the killing does not necessarily render evidence of this character inadmissible.

2. In such case, photographs of the premises taken three days after the killing are admissible for the purpose of illustrating the oral testimony concerning the condition of things in the vicinity of the body, where there is nothing to show that the physical surroundings had in any way been disturbed in the meantime.

3. In such case, the lapse of time and lack of proof that the physical conditions had remained undisturbed, affects only the weight, and not the admissibility of the evidence.

Argued January 7, 1924. Appeal, No. 331, Jan. T., 1923, by defendant, from judgment of O. & T. Phila. Co., Jan. T., 1922, No. 379, on verdict of murder of first degree, in case of Commonwealth v. George Ware. Before

MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEP-HART, SADLER and SCHAFFER, JJ.   Affirmed.

Indictment for murder.   Before TERRY, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict of murder of first degree, on which judgment of sentence was passed.

*Errors assigned* were various rulings and instructions, recited in the opinion of the Supreme Court, quoting record.

*George S. Wolbert,* with him *A. J. Golden,* for appellant, cited: Com. v. Webb, 252 Pa. 187.

*Charles F. Kelley,* Assistant District Attorney, with him *Samuel P. Rotan,* District Attorney, for appellee, cited: Com. v. Mudgett, 174 Pa. 211; Com. v. Dantine, 261 Pa. 496.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, February 4, 1924:

George Ware has twice been convicted of first degree murder for the killing of Mary Ann Schwenck.   The original verdict was set aside and a new trial granted; he now appeals from sentence to death on the second verdict.

The circumstances attending the crime, as shown by the uncontradicted evidence of the Commonwealth, were as follows: At six o'clock on the evening of Saturday, December 3, 1921, defendant went to the home of an acquaintance and borrowed a knife, which he returned four hours later.   About eleven o'clock that evening he called at 1214 Potts Street, Philadelphia, the home of Israel Cottman, another acquaintance, and, after rousing him from bed, said that he, Ware, had killed a woman at the other end of the street.   The following day

defendant made the same statement to Cottman's sister, who lived near by. At first neither of the parties so informed took Ware's statement seriously, but on the following Monday afternoon Cottman notified the police, who went to a house numbered 1130 Potts Street, and, finding the front door and a window near it locked, entered by a side window which, though closed, was un-fastened. Within, on the floor, lay the dead body of Mary Ann Schwenck,—a fortune teller, aged 64 years, who resided there alone,—with her throat cut, and two 25-cent pieces clenched in her hand. The condition of affairs in the house indicated a recent robbery or an attempt at that crime: Com. v. Dantine, 261 Pa. 496.

When arrested, defendant at first denied his guilt, but later made a written statement to the police, after having been warned that it would be used against him, wherein he confessed that he had gone to deceased's house on the night in question, pretending to want his fortune told, though really to secure some six or seven hundred dollars which, he said, Cottman had suggested to him were there and could be easily stolen. He stated that a quarrel arose between himself and the fortune teller over the payment of her fee, and, in the course of it, he stabbed her and departed.

The assignments of error may be readily disposed of.

First, it is contended the trial judge erred in admitting evidence offered to show the condition of the premises in which deceased was found, there being no proof that the conditions at the time were substantially the same as those existing when the felony was committed. It is universally recognized that, in a prosecution for homicide, proof of the condition of things surrounding, or in the vicinity of, the body of the deceased, which tend to shed light on the circumstances of the killing, is proper evidence (Com. v. Dantine, 261 Pa. 496, 497; Com. v. Roddy, 184 Pa. 274, 288; Wharton on Homicide, 3d ed., section 606; Michie on Homicide, section 171), and the

fact that the corpse was not discovered until two days subsequent to the killing does not necessarily render evidence of this character inadmissible (see Com. v. Mudgett, 174 Pa. 211, 222, 233, 263, where such fact existed and a first degree verdict was sustained), although it may affect its probative value: State v. Barone, 96 N. J. L. 417, 115 Atl. 668, 669.

The second assignment of error is to the admission of photographs of the interior of the premises, made three days after the commission of the crime,—the day following its discovery. It was testified that the police had custody of the house from the time of finding the body until after the pictures were taken, and that during this period the physical surroundings, which the photographs were intended to show, had in no way been disturbed. Appellant objects, however, that things may have been altered between Saturday, when the killing occurred, and Monday, when the police took possession; though there is no evidence to this effect. We are of opinion that these photographs, being duly authenticated, were properly admissible for the purpose of illustrating the oral testimony concerning the condition of things in the vicinity of the body: Com. v. Webb, 252 Pa. 187, 198; Wharton's Criminal Evidence, 10th ed., p. 1082; Underhill's Criminal Evidence, 3d ed., section 103. Under all the circumstances of the case as developed on the trial, the lapse of time between the criminal act and the taking of the photographs, with the lack of proof that the physical surroundings remained undisturbed during part of that period, affects only the weight, and not the admissibility, of the evidence, as already ruled in relation to the oral testimony.

Finally, there is no merit in appellant's contention that the trial judge did not clearly instruct the jury on the rule of reasonable doubt. Again and again the charge carried these instructions in correct form and in language which could not be misunderstood.

On the whole, this case was well and fairly tried, the charge was adequate and impartial, and the proofs clearly warranted the verdict.

The assignments of error are overruled, the judgment is affirmed and the record remitted for the purpose of execution.