Commonwealth *v.* Davis, Appellant.

Argued September 26, 1949. Before Maxey, C. J., Drew, Linn, Stern, Patterson, Stearne and Jones, JJ.

*Jacob Shulgold*, with him *Harry I. Glick*, for appellant.

*Joseph I. Lewis*, Assistant District Attorney, with him *William S. Rahauser*, District Attorney, for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 14, 1949:

A jury convicted the defendant, Edward Davis, of murder in the first degree, with a recommendation of life imprisonment. His appeal is based upon the refusal of the court below to grant motions for a directed verdict of "not guilty" or for a new trial. At the trial a single issue of fact was presented, viz: whether gun shot wounds which caused the death were accidentally or feloniously inflicted by defendant.

Defendant was indicted and tried for the killing, on May 29, 1948, of a woman named Willie Thompson, with whom he had meretriciously cohabited until one month prior to the homicide. Upon their separation the deceased continued to occupy an apartment on the third floor rear of a tenement house, while defendant roomed with a male friend in another part of the city. Apparently defendant desired to resume their former relationship, to which deceased would not consent. She complained to a justice of the peace. Defendant was placed under bond and directed to stay away from deceased's apartment. Tenants testified that defendant on at least two occasions came to the locked door of deceased's apartment, demanding entry, which was refused, and that defendant threatened to break in the door and kill

her. It was testified that on one occasion deceased was heard to scream in the hall that appellant was attempting to cut her with a knife which defendant denied.

On the night of the killing, tenants testified that they heard a crash and thereafter defendant was observed coming down stairs from the apartment with the end of a stick or gun protruding from under his raincoat. Upon investigation, Willie Thompson, the victim, was found lying on the floor of her apartment—dead, with multiple wounds in her body, and with her right hand nearly severed. The panel of the wooden apartment door was found broken with the door open. Defendant, the suspect, was apprehended. On June 1, 1948, defendant signed and swore to a written statement, which is not repudiated, wherein he stated that he had held a gun, when it was discharged accidentally by the hammer of the gun striking the door as he was leaving the apartment. A second autopsy prior to the trial confirmed defendant's statement that the death was caused by a gun shot wound. Numerous lead shots were extracted from vital organs of the victim's body and were offered in evidence. The right hand had been mangled and almost severed by gun shot. Defendant in his testimony admitted that the gun was in his hand when discharged. The issue was: did the Commonwealth sustain its burden of proof that the fatal wounds were inflicted by defendant feloniously?

Appellant testified in his own defense. He called no witnesses except a doctor, who had already testified for the Commonwealth. The doctor was interrogated regarding the probable effect of the gun shot wounds and lead shots found in the body. Judge ELLENBOGEN, throughout a long trial, was patient, fair and unprejudiced. His charge is an accurate and comprehensive summary of the testimony and applicable principles of law.

Defendant has filed seven assignments of error. We have reviewed both the law and the evidence to determine whether the ingredients necessary to constitute murder in the first degree were proven to exist as we are required to do under the provisions of the Act of February 15, 1870, P. L. 15, section 2, 19 PS 1187.

The first and second assignments may be considered together. Defendant admits that he held the gun in his hands when it was discharged and the deceased was killed. While defendant maintains that the discharge was *accidental,* there was strong circumstantial evidence of a *felonious* killing. The facts determining the guilt or innocence of the defendant were therefore for a jury and not for the court. These assignments are without merit.

The third assignment of error relates to the testimony concerning defendant's previous prison service. Defendant made a written statement under oath to a police lieutenant. The statement, which was not repudiated, was in the form of questions and answers. At the trial the district attorney read the paper. At a point was read: "Q: And I believe at that time (killing) you were a fugitive from the Ohio State Penitentiary? A: Yes, that's right."

No objection was made to the reading of either question or answer. It was followed by the reading of another question and answer (having no relation to the former question). Counsel for defendant *then* objected and moved for a withdrawal of a juror on the ground of the prejudicial character of the question and answer. The court then recessed and heard argument in the absence of the jury. After recess the court stated to the jury that had an objection been made, or had his attention been directed to the question, he would not have permitted it to have been answered. He refused, however, to withdraw a juror, and went into a careful explanation of defendant's rights. The judge cautioned the jury to disregard the incident, because it had no

place in determining the guilt or innocence of defendant. The learned court below, in its opinion sustaining the conviction, also said that because the statement *was a part of the voluntary confession* it was admissible and cited *Commonwealth v. Weston,* 297 Pa. 382, 147 A. 79. We see no objection to this. This is not a situation where evidence of prior unrelated crimes is given which may affect a jury's consideration of defendant's guilt or innocence, or to fix the degree of guilt. Cf. *Commonwealth v. DePofi,* 362 Pa. 229, 66 A. 2d 649; *Commonwealth v. Darcy,* 362 Pa. 259, 66 A. 2d 663. Any room for argument was dissipated, however, and any possible harm to defendant eliminated, by defendant himself, when he later *volunteered* on the witness stand (p. 323a) *that he was on parole on the night of the killing.* To this may be added the testimony of John Wesley, who testified without objection (159a) that the witness overheard defendant say "I am busting the door open and killing you and going on back down to the penitentiary." (Italics supplied.) The references to defendant's penitentiary term, under the foregoing circumstances, were harmless.

The fourth assignment of error refers to the admission in evidence of the photograph of the dead body and the wounds thereon. We have recently had occasion to speak of this question in *Commonwealth v. Simmons,* 361 Pa. 391, where Mr. Justice STERN, said, p. 397, 398, 65 A. 2d 353: "It has so long been the accepted practice to admit such photographs in evidence in the trial of criminal cases, and their use has been so frequently sanctioned and declared unobjectionable by repeated decisions of this Court, that the assignments of error based on their admission call for no extended discussion. All that the law requires is that photgraphs should not be introduced merely for the purpose of exciting the emotions of the jurors, but only where they are helpful in aiding them in their investigation of the crime and

the defendant's guilt, and that purpose should be carefully explained to them. The matter is one for the exercise of the trial judge's discretion: Commonwealth v. Webb, 252 Pa. 187, 198, 97 A. 189, 193; Commonwealth v. Ware, 279 Pa. 282, 285, 123 A. 795, 796; Commonwealth v. Winter, 289 Pa. 284, 289, 137 A. 261, 263; Commonwealth v. Sydlosky, 305 Pa. 406, 409, 158 A. 154, 155; Commonwealth v. Dreamer, 324 Pa. 220, 223, 224, 188 A. 117, 118; Commonwealth v. Ferry, 326 Pa. 129, 132, 133, 191 A. 130, 131, 132; Commonwealth v. Peronace, 328 Pa. 86, 93, 94, 95, 195 A. 57, 60, 61; Commonwealth v. Yeager, 329 Pa. 81, 87, 88, 196 A. 827, 831; Commonwealth v. Earnest, 342 Pa. 544, 550, 21 A. 2nd 38, 40, 41."

The admission of the photograph was reasonably necessary to demonstrate the position of the body, its location, and the nature and extent of the wounds in connection with defendant's claim that the killing was accidental. The trial judge gave ample admonition to the jury not to permit the photograph to prejudice them against the defendant. He explained the purpose for admitting the photograph in evidence. This constituted no abuse of discretion.

The remaining assignments are devoid of merit and require no discussion.

Judgment and sentence affirmed.