Commonwealth *v*. Robinson, Appellant.

Argued November 14, 1968. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Harold N. Fitzkee, Jr.,* Public Defender, for appellant.

*John F. Rahauser, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, January 15, 1969:

This is an appeal from the Judgment of Sentence of the Court of Oyer and Terminer after the lower Court had denied defendant's motions in arrest of judgment and for a new trial.

Defendant was indicted for murder and manslaughter in the slaying of Marlene Ann Perez on December 22, *1962.* He pleaded not guilty, and testified that he struck the victim in the face with his open hand after he found her in bed with Richard Miller, the principal witness for the prosecution. Miller testified that the defendant beat Marlene with his fists and kicked her in the head. The jury returned a verdict of guilty of voluntary manslaughter, and defendant was sentenced to imprisonment in a State Correctional Institution for from six to twelve years. Pursuant to our Opinion in *Com. ex rel. Robinson v. Myers,* 427 Pa. 104, 233 A. 2d 220, the defendant was permitted to file post-trial motions nunc pro tunc in arrest of judgment and for a new trial. After a denial of these motions, defendant took this appeal.

Defendant advances several reasons in support of his motion for a new trial. He first contends that the trial Court erred in admitting into evidence two black-and-white photographs—one showed the room in which the victim's body was found; the other was a picture of the victim showing the injuries, bruises and marks she sustained. Defendant alleges that the pictures were gruesome and inflammatory to the jury and were

unnecessary because their contents were adequately described by oral testimony.

Several general principles are well settled: (1) the admission of photographs is largely within the discretion of the trial Judge; (2) even though a photograph may be inflammatory or gruesome, that in itself is not sufficient to exclude a photograph from evidence; (3) if a photograph which is gruesome or inflammatory is admitted, the trial Judge should warn the jury not to allow its shocking nature to inflame their emotions or affect or influence their verdict; and (4) the admission of photographs by the trial Judge or by the lower Court will not be reversed except for a palpable abuse of discretion.

In *Commonwealth v. Novak*, 395 Pa. 199, 150 A. 2d 102, the Court said (page 212) : "[I]n the trial of criminal cases photographs of the victim and of the scenes of the crime are admissible to aid the jury in their understanding of the alleged crime, the kind of crime it was, exactly what caused the victim's death and what, if any, connection defendant had with it; however, they are not admissible for the purpose of exciting or inflaming the emotions of the members of the jury."

The value and importance of photographs in many cases, of which the present one is an outstanding example, were pointed out in *Commonwealth v. Boden*, 399 Pa. 298, 159 A. 2d 894 (page 307) : "When a defendant pleads not guilty, no one knows whether a crime has been committed or what his defense will be. In such cases, it is especially important to admit photographs of the victim to aid the jury in their understanding of the alleged crime, whether it was accidental or felonious, the kind of crime it was, exactly what caused the victim's death, and what, if any, connection defendant had with it. The admission of photographs

is largely within the discretion of the trial Court and will not be reversed except for a flagrant abuse of discretion. . . . In this case it was especially wise for the trial Judge to admit the photographs, not only because *they were an aid to the understanding of the crime as explained to them by the witnesses who referred to the photographs*, but in addition thereto the photographs aided the jury in determining whether this was an accidental burning . . . or a planned and deliberate burning . . . ."* Accord, *Commonwealth v. Dickerson*, 406 Pa. 102, 109, 176 A. 2d 421; *Commonwealth v. Snyder*, 408 Pa. 253, 256, 182 A. 2d 495. In *Commonwealth v. Dickerson*, 406 Pa., supra, the Court said (page 109) : "In a murder trial, the admission of photographs of the victim is largely within the discretion of the trial court. Unless there is a flagrant abuse of discretion, we will not say that reversible error exists: Commonwealth v. Novak, 395 Pa. 199, 150 A. 2d 102 (1959). The fact that a photograph is gruesome is not sufficient legal reason in and of itself to exclude it. Commonwealth v. Capps, 382 Pa. 72, 114 A. 2d 338 (1955). Also permission of the use of color slides showing the bruised body of the deceased is not, in itself, error."

In *Commonwealth v. Peyton*, 360 Pa. 441, 62 A. 2d 37, the Court said (page 450) : "The admission of photographs in a homicide case showing the body of the deceased is largely within the discretion of the trial judge and an error will not be predicated by this Court on the admission of such exhibits unless there is a flagrant abuse of discretion."

Photographs of the kind here involved were admitted in evidence to show the nature and extent of the wounds and the severity and brutality of the attack in *Commonwealth v. Raymond*, 412 Pa. 194, 206, 194 A. 2d 150; *Commonwealth v. Davis*, 363 Pa. 91,

---

* Italics throughout, ours.

95-96, 69 A. 2d 123; and in *Commonwealth v. Gibbs*, 366 Pa. 182, 186, 76 A. 2d 608.

In *Commonwealth v. Wilson*, 431 Pa. 21, 244 A. 2d 734, which is the most recent case dealing with the admissibility of photographs, slides showing the decedent's body were held to be admissible despite allegations that they were inflammatory. The Court reemphasized the long-standing principle that the admission of such evidence is within the discretion of the trial Judge, and held that the exercise of discretion in that case was not abused. *Commonwealth v. Powell*, 428 Pa. 275, 241 A. 2d 119, was distinguished on the ground that the inflammatory photographs showing the nature and extent of the injuries were unnecessary and irrelevant, since the killing occurred in a felony murder. *Commonwealth v. Eckhart*, 430 Pa. 311, 242 A. 2d 271, was also distinguished on the ground that the photographs contained excisable details whose inflammatory character was greater than their probative value and these details could easily have been excised from the photographs.

The photograph of the room was offered and was admissible primarily for a description of the scene, and the closeup, gruesome photograph of the victim was properly admissible to show the injuries which caused the victim's death and the brutality of the attack in order to prove that defendant was guilty of first-degree murder. The photographs in this case fell within well-defined and approved categories of judicial use and admissibility.

When inflammatory photographs have been admitted in evidence, this Court has urged that cautionary instructions be given by the trial Judge to guard against possible inflammatory and prejudicial effects on the jury. As the Court in *Commonwealth v. Wentzel*, 360 Pa. 137, 61 A. 2d 309, said (page 149) : " ' . . .

Whenever [such photographs] are received in evidence, the jury should be instructed as to their purpose and cautioned not to permit the photographs to stir up their emotions to a defendant's prejudice.' " See also, *Commonwealth v. Davis*, 363 Pa., supra (pages 95-96); *Commonwealth v. Gibbs*, 366 Pa., supra (page 186); *Commonwealth v. Buzard*, 365 Pa. 511, 517-518, 76 A. 2d 394; *Commonwealth v. Dickerson*, 406 Pa., supra (page 109). In the present case, the trial Judge cautioned the jury with respect to their consideration of the photographs. Moreover, as the Court below aptly pointed out, a verdict of manslaughter on facts which could have justified a verdict of murder shows that the passions of the jury were not inflamed. Considering all the foregoing facts, it is clear that the lower Court did not abuse its discretion in admitting these photographs.

Defendant's second contention concerns the trial Judge's restriction of cross-examination of the prosecution's star witness, Miller. The desired cross-examination concerned a scene that took place in a tavern approximately twelve hours before the slaying. In cross-examination, the defendant's attorney questioned Miller about certain acrimonious remarks that were alleged to have passed between the victim and the bartender. The defense was apparently attempting to show that Miller was too intoxicated to recall the details of that argument.

The extent to which a witness may be cross-examined, and the subject matter of the cross-examination, are matters for the sound discretion of the trial Judge. *Commonwealth v. Minoff*, 363 Pa. 287, 294, 69 A. 2d 145; cf. also, *Bruno v. Brown*, 414 Pa. 361, 200 A. 2d 405; *Kaplan v. Loev*, 327 Pa. 465, 469, 194 Atl. 653. There was no abuse of discretion by the trial Judge in refusing to permit further cross-examination on this point.

Defendant's final contention relates to the admission into evidence of a written but unsigned statement made by the defendant. He argues that the issue of voluntariness of this statement, although not specifically raised, was raised with sufficient adequacy at the trial to have required the Court to hold a hearing under the rule of *Jackson v. Denno,* 378 U.S. 368. In support of his contention, defendant relies upon *Com. ex rel. Corbin v. Myers,* 419 Pa. 139, 213 A. 2d 356. The *Corbin* case held that where the defendant's pretrial admissions *differ significantly* from his own testimony at his trial, thereby casting serious doubt on his credibility, *and defendant's counsel makes it "abundantly clear"* during his examination and cross-examination that he is questioning the voluntariness of a defendant's prior admissions, that issue is adequately raised, without further objections, so as to require a *Jackson-Denno* hearing.

In this case, defendant's counsel did not state or indicate to the trial Judge that he was raising the issue of the voluntariness of defendant's statement. The only objection made to the admission of defendant's pretrial statement concerned the details of its transcription and the fact that it might have violated the best-evidence rule. The Court below allowed the Commonwealth to prove the manner in which his statement was taken and its accuracy, and permitted cross-examination on these questions by the defense. There were no objections, challenges or other circumstances during this line of questioning raising the question or even indicating to the lower Court that voluntariness was an issue. Furthermore, there was no significant difference between defendant's trial testimony and his pretrial statement. *Defendant testified that substantially everything in his prior statement was correct,* except that he testified that he only struck two blows instead

96

of five mentioned in his written pretrial statement. Under these facts and circumstances, defendant was not entitled to a *Jackson-Denno* hearing. Cf. *Com. ex rel. Duncan v. Rundle*, 424 Pa. 385, 227 A. 2d 659.

Because the photographs in this case were properly admitted into evidence, and the scope of cross-examination allowed the defense was properly restricted by the trial Court, and the issue of voluntariness was not raised below, and defendant's testimony at his trial was substantially the same as his pretrial statement, we find no merit in any of defendant's contentions.

Judgment of sentence affirmed.