# Commonwealth *v.* Smalls, Appellant.

16

Submitted April 17, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY and MANDERINO, JJ.

*Jerry Brodsky, Alexander Brodsky,* and *Brodsky, Brodsky and Brodsky,* for appellant.

*Maxine J. Stotland* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, October 4, 1972:

The appellant, Frank Smalls, was convicted by a jury in Philadelphia of murder in the second degree. Following the denial of post-trial motions and imposition of sentence, this appeal was filed.

From the evidence introduced by the Commonwealth at trial, the jury was warranted in finding that during an argument with his eighteen-year-old wife Nancy, Smalls brutally assaulted her with his hands causing injuries which resulted in death.

The only assignment of error concerns the exhibition of certain color slides to the jury during the trial depicting the head and upper portion of the victim's clothed body after death. These slides showed the existence of severe bruises of both eyes and lips plus abrasions and contusions on the neck immediately below the area of the jaw bone.

The medical examiner, who examined the victim's body shortly after death and subsequently performed the autopsy, died before trial and the testimony of a deputy was permitted at trial without objection to establish the cause of death. Based on his study of the report prepared by the deceased medical examiner and a personal examination of the color slides involved, this witness expressed the opinion that the primary cause of death was manual strangulation, but a contributing factor was injury to the medulla[1] which effected the heart beat and breathing of the victim. With the aid of the color slides, the witness described for the jury the external injuries to the face and throat which he opined were caused by several forceful blows and then explained how one such blow resulted in injury to the medulla.

---

[1] The medulla oblongata is the portion of the brain stem that is continuous with the spinal cord.

It is urged evidentiary use of the color slides was unnecessary in view of the oral testimony and should have been rejected because of the possible inflammatory effect.

The admission of such evidence is largely within the discretion of the trial court (*Commonwealth v. Wilson,* 431 Pa. 21, 244 A. 2d 734 (1968)) and we find no abuse of that discretion herein. Firstly, the learned trial court concluded the slides were not "inflammatory" and "the danger of prejudice was remote." After reviewing the challenged slides, we completely agree with this conclusion. Furthermore, the challenged evidence had an important evidentiary value and the need therefor clearly outweighed the likelihood of inflaming the passions of the jury. Cf. *Commonwealth v. Collins,* 440 Pa. 368, 269 A. 2d 882 (1970).

Smalls did not testify at trial, but in a statement given to the police after the death was discovered, he admitted arguing with his wife and hitting her once with his hand. The extent and nature of the injuries, as depicted by the slides, clearly contradicted Small's version of the occurrence.

It is also urged the failure of the trial court to instruct the jury on the purpose of exhibiting the slides was prejudicial error. It is true that where such evidence is gruesome and may be inflammatory a trial judge should carefully warn the jury not to allow it to influence their emotions to the prejudice of the defendant. *Commonwealth v. Robinson,* 433 Pa. 88, 249 A. 2d 536 (1969). However, the slides involved instantly were not gruesome and in view of the circumstances we are not persuaded this inadvertence on the part of the trial court adversely affected the defendant.

Judgment affirmed.

Mr. Justice Roberts concurs in the result.

Mr. Justice Nix took no part in the consideration or decision of this case.