394 A.2d 466

COMMONWEALTH of Pennsylvania

v.

Benjamin TERRY, Appellant.

Supreme Court of Pennsylvania.

Submitted Oct. 16, 1978.

Decided Nov. 18, 1978.

Austin J. McGreal, Philadelphia, for appellant.

Edward G. Rendell, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Robert B. Lawler, Chief, Appeals Div., Clifford E. Haines, Asst. Dist. Atty., Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Benjamin Terry, was convicted by a judge sitting with a jury of three counts of murder of the first degree and one count of arson for the January 11, 1971 firebombing of a house at 2927 N. Fairhill Street, Philadelphia, in which three people were killed. Post-verdict motions were denied and appellant was sentenced to three concurrent terms of life imprisonment for the murder convictions with a concurrent prison term of ten to twenty years on the arson conviction.

A direct appeal was filed in this court in which appellant raised the following issues:

"I. Was the statement of appellant taken without his having been properly advised of his constitutional rights and during a period of unnecessary delay?

\* \* \* \* \* \*

"II. Was the admission into evidence of testimony concerning another fire immediately next door to the deceased's home two days before the fire at issue in this case prejudicial error?

\* \* \* \* \* \*

"III. Was the admission of certain photographs of the scene inflammatory so as to prejudice appellant's rights?

\* \* \* \* \* \*

"IV. Were the statements in closing argument concerning the lack of remorse demonstrated by appellant unfair and prejudicial to appellant's rights?"

We held that sufficient evidence existed to sustain the convictions and that admission into evidence of testimony concerning the fire next door was not prejudicial error. The case was then remanded to the Court of Common Pleas of Philadelphia for a specific finding of whether or not the remaining allegations of error had been considered by the

court en banc and preserved for appellate review.[1]  *Commonwealth v. Terry*, 462 Pa. 595, 342 A.2d 92 (1975).

On remand, the court below determined that all issues except appellant's *Futch* claim had been preserved and were cognizable on appeal.  We must now determine the correctness of the court's ruling that the *Futch* claim was waived and further decide the merits of those issues which the court determined to be preserved.

Appellant first alleges that his confession was inadmissible because of an unnecessary delay between arrest and arraignment, thus violating our decision in *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972).  The court below found this claim to be waived.  The facts are as follows.

Appellant voluntarily went to police headquarters with members of his family on January 12, 1972, at 5:00 a. m. Following intermittent questioning and a polygraph examination, appellant admitted to throwing the firebomb which caused the fire and the three deaths.

Prior to trial, appellant filed a motion to suppress his confession, alleging that the confession was involuntary and given without the required *Miranda* warnings.  The suppression motion made no mention of unnecessary delay between arrest and arraignment.

Both the suppression hearing and the trial in the instant case predated our decision in *Commonwealth v. Futch, supra* ; however, as we stated in *Commonwealth v. Mitchell*, 464 Pa. 117, 126, 346 A.2d 48, 53 (1975), where the defendant challenged only the voluntariness of his confession in a pre-*Futch* motion to suppress:

"   .   .   . Defense counsel should have been aware that our rules of procedure required a prompt arraignment without an unnecessary delay.  If it was ascertained that this direction had been ignored and his client prejudiced thereby, the fact that the penalty for such a violation had not been announced fails to provide an excuse for failing

1.  Between the time post-verdict motions were denied and the case was considered by this court, our decision in *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975) was filed.

to raise the objection. The 'manifest unfairness' would result if we were to penalize police officials for not anticipating the imposition of a sanction for such a violation and at the same time relieve the defense from the responsibility of timely raising the objection. Where a counselled accused sits idly by and fails to raise an objection to improper treatment to which he has been subjected, he will not later be heard to complain but must suffer the consequences of his silence."

On the basis of *Mitchell*, we conclude that the court below was correct in holding that this claim has been waived.

Appellant next argues that his confession should have been suppressed because of failure to give the required *Miranda* warnings, thereby rendering the confession involuntary. The facts are as follows.

During the investigation into the fire at 2927 N. Fairhill Street, police interviewed various witnesses. Frank Mitchell told police that he had received a phone call from Donald Terry, appellant's brother, telling him to get the kids out of the house because he and his brother were going to "burn the [house] down." Based on this information, police began looking for Donald and Willie Terry (another of appellant's brothers). While searching for the pair, police encountered appellant, who voluntarily accompanied them to headquarters at 5:00 a. m., on January 12.

While police were questioning appellant's brothers, other officers interviewed Gwendolyn Harris, a former girlfriend of appellant. She told police that on January 9, she had an argument with appellant at her house at 2927 N. Fairhill and had to call the police. When the police arrived, appellant went out the back door of the Harris house and into the house at 2925 N. Fairhill. Within ten minutes, 2925 N. Fairhill was in flames and two people were burned to death.

Based on this information, police began questioning appellant at 6:30 a. m. Prior to questioning, appellant was given his *Miranda* warnings and told he was being questioned

about his involvement in the fire at 2925 N. Fairhill and his brothers' involvement in the fire at 2927 N. Fairhill. Appellant denied any knowledge of either fire.

Appellant then agreed to take a polygraph examination, which was administered between 9:30 a. m. and 2:00 p. m. Appellant was then returned to the Homicide Unit.

Between 2:00 p. m. and 5:00 p. m., police questioned Donald and Willie Terry, who implicated appellant in the fire at 2927 N. Fairhill. Appellant was rewarned of his *Miranda* rights at 5:00 p. m., and shortly thereafter admitted setting both fires. After being rewarned again at 8:30 p. m., he gave a formal statement which was concluded at 11:20 p. m.

▌ Appellant argues that he was never given *Miranda* warnings as to the fire at 2927 N. Fairhill. However, appellant simply ignores the facts in the instant case. When police first questioned appellant, he was given the required *Miranda* warnings and was told he was being questioned about his possible involvement in the fire at 2925 N. Fairhill and the involvement of his brothers in the fire at 2927 N. Fairhill. Subsequently, when police learned of appellant's possible involvement in both fires, he was again given his *Miranda* warnings and was told that he was being questioned about possible involvement in both fires. Appellant's contention is thus without merit.

He next claims that a new trial is required because of alleged improper remarks by the district attorney during his closing argument. The district attorney, talking about appellant, stated:

"... This man who sits there now, as you see, without the slightest bit of remorse. There is not the barest semblance of anything resembling human compassion in that soul."

The court immediately told the prosecutor to confine his remarks to the evidence in the case.

Following the prosecutor's closing, which was recorded, appellant's counsel moved for a mistrial. The motion was refused, but during his charge to the jury, the court stated:

"Now, of course, you should take into consideration and you should carefully consider the closing arguments of both counsel when you retire to deliberate because these are an important part of any case and an important aid to the jury in reaching their verdict. However, members of the jury, with respect to the closing argument of the District Attorney, I want to say this to you: During the course of his argument, the District Attorney made a reference to the defendant's lack of remorse. It was highly improper for him to do this. And if you recall, I stopped him at that point and directed him to confine his argument to the facts of the case. It was highly improper for the District Attorney to have made a statement of this kind because it assumes that the defendant is already guilty whereas the defendant is presumed to be innocent unless and until such time as the jury decides otherwise. It is solely your function to make this decision and not the District Attorney's and it was improper for him to attempt to usurp your function in this regard. You must not be influenced by this improper argument of the District Attorney. You must decide the case calmly and objectively on the basis of the evidence you heard from the witness stand and the law as I have given it to you and I want to impress that on you as strongly as I can."

As we stated in *Commonwealth v. Goosby*, 450 Pa. 609, 611, 301 A.2d 673, 674 (1973):

". . . Our Superior Court has said and we agree: 'Every unwise or irrelevant remark made in the course of a trial by a judge, a witness, or counsel does not compel the granting of a new trial. *A new trial is required when the remark is prejudicial; that is, when it is of such a nature or substance or delivered in such a manner that it may reasonably be said to have deprived the defendant of a fair and impartial trial. Commonwealth v. Hales*, 384 Pa. 153, 154, 119 A.2d 520; *Commonwealth v. Stallone* . . . 281 Pa. 41, 44, 126 A. 56; *Commonwealth v. Savor*, 180 Pa.Super. 469, 119 A.2d 849, affirmed in 386 Pa. 523, 126 A.2d 444; *Commonwealth v. Meyers*, 290 Pa. 573,

581, 139 A. 374.' *Commonwealth v. Phillips*, 183 Pa.Super. 377, 382, 132 A.2d 733, 736 (1957) (emphasis added)".

■ In light of the curative instruction, we do not believe counsel's remarks were so prejudicial as to require the granting of a mistrial.

Appellant finally argues that the court erred in admitting six police photographs which pictured the inside and outside at 2927 N. Fairhill. We disagree.

In *Commonwealth v. Petrakovich*, 459 Pa. 511, 521, 329 A.2d 844, 849 (1974), we stated:

"We have consistently held that the question of admissibility of photographs of a corpse in homicide cases is a matter within the discretion of the trial judge, and only an abuse of that discretion will constitute reversible error. *Commonwealth v. Woods*, 454 Pa. 250, 311 A.2d 582 (1973); *Commonwealth v. Sullivan*, 446 Pa. 419, 286 A.2d 898 (1971) (opinion in support of order); *Commonwealth v. Chasten*, 443 Pa. 29, 275 A.2d 305 (1971); *Commonwealth v. Robinson*, 433 Pa. 88, 249 A.2d 536 (1969); *Commonwealth v. Powell*, 428 Pa. 275, 241 A.2d 119 (1968); *Commonwealth v. Novak*, 395 Pa. 199, 150 A.2d 102 (1959); *Commonwealth v. Peyton*, 360 Pa. 441, 62 A.2d 37 (1948). When the trial judge is confronted with gruesome or potentially inflammatory photographs, the test for determining their admissibility which he must apply is 'whether or not the photographs are of such essential evidentiary value that their need clearly outweighs the likelihood of inflaming the minds and passions of the jurors.' *Commonwealth v. Powell*, supra, 428 Pa. at 278–279, 241 A.2d at 121; *Commonwealth v. Peyton*, supra, 360 Pa. at 450, 62 A.2d at 41. A photograph which is not deemed to be inflammatory, however, may be admitted so long as it has relevance and can assist the jury's understanding of the facts of the case before it. *Commonwealth v. Claitt*, 454 Pa. 313, 311 A.2d 922 (1973); *Commonwealth v. Smalls*, 449 Pa. 15, 295 A.2d 298 (1972); *Commonwealth v. Morgan*, 448 Pa. 494, 295 A.2d 77 (1972)."

In the instant case, there were no human bodies in the photographs. Rather, they simply showed burned floors, walls, steps, and ceilings. One of appellant's theories was that the fire was not of an incendiary origin. Captain Charles Lewis, Assistant Fire Marshall, testified, however, that the fire had been set. He used the photos to show burn patterns which buttressed his conclusion. As the photographs were not inflammatory and yet were highly relevant, we find no error in their admission.

Judgments of sentence affirmed.

ROBERTS, J., files a dissenting opinion which MANDERINO, J., joins.

ROBERTS, Justice, dissenting.

For the reasons set forth in *Commonwealth v. Mitchell*, 464 Pa. 117, 346 A.2d 48 (1975) (Roberts, J., dissenting opinion joined by Manderino, J.), I dissent from the majority's failure to address the merits.

MANDERINO, J., joins in this dissenting opinion.