412 A.2d 590

**COMMONWEALTH of Pennsylvania**

v.

**George M. PETERSON, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 6, 1979.

Filed Oct. 19, 1979.

Irving W. Backman, Philadelphia, for appellant.

Thomas J. McGarrigle, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, MANDERINO and CIRILLO, JJ.*

CIRILLO, Judge:

The defendant was arrested on May 13, 1976. He was charged with murder, possession of instrument of crime, and criminal conspiracy arising from a shooting which took place on July 30, 1973. On November 15, 1976, the defendant's motion to suppress identification testimony was denied; and the defendant was tried by jury. On November 17, 1976, the defendant was found guilty of murder in the first degree, and of the other charges. Motions for new trial and in arrest of judgment were argued and denied. The defendant, on February 28, 1977, was sentenced to life imprisonment in a state correctional institution. The defendant has appealed.

* Justice LOUIS L. MANDERINO of the Supreme Court of Pennsylvania, and Judge VINCENT A. CIRILLO of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

On July 30, 1973, an adult witness saw the shooting of the decedent from an open, screened front window of her uncle's home. The shooting took place approximately fifteen feet in front of this front window. The adult witness' daughter, nine years old, was playing outside of the house and also witnessed the shooting. They saw the decedent run down the street, chased by the defendant who was on foot, along with another man who was riding a bicycle. The man on the bicycle handed the gun to the defendant and told him to "hit him." The defendant fired the gun. The man on the bicycle then said, "hit him again." The defendant again fired the gun at the decedent. Both witnesses saw the defendant hand the gun back to the man on the bicycle and then flee. The nine year old witness was shot in the hand by one of the bullets. Both witnesses identified the defendant as the man who shot the decedent from photographs shown to them by the police on the day of the shooting.

The defendant has raised four issues on appeal. The first issue is whether it was highly prejudicial to the defendant to restrict defense cross-examination of a witness when the defense attempts to show that the witness' testimony at trial was inconsistent with her testimony at the pre-trial suppression hearing.

The defense counsel asked the nine year old witness if she remembered whether it was she or her mother who first picked out the defendant's photograph at the police station. She answered that she didn't remember. Defense counsel then asked her if she remembered testifying at the pre-trial suppression hearing that her mother picked out the picture first. She answered in the negative. Defense counsel again asked her if she remembered that her mother picked out the picture first. She again answered in the negative. Defense counsel asked again if she remembered that her mother said when she saw the picture "this looks like the boy." The Commonwealth's objection was sustained. The defense counsel asked again if she remembered her mother saying, "this looks like the boy." The Commonwealth objected and this was sustained. The defense counsel requested a sidebar

conference, which was held off the record; and, when the defense counsel returned he stated that he had no further questions of the witness.

The defendant failed to make an offer of proof at trial as to the reason why the defense counsel's questions of the nine year old witness should have been admitted. Additionally, when the sidebar conference was concluded, defense counsel abandoned his line of questioning.

"Trial errors are made in the courtroom and it is there that the correction process should at least be *initiated*. The defense may not successfully complain of trial errors for the first time *only* after the jury has returned a verdict of guilty, unless the errors were initially challenged at trial, and thereby preserved on appeal."

*Commonwealth v. Clair*, 458 Pa. 418, 420, 326 A.2d 272, 273 (1974), quoting *Commonwealth v. Williams* (dissenting opinion), 432 Pa. 557, 569, 570, 248 A.2d 301, 307 (1968). "The trial judge must be given the opportunity to rectify errors at the time they are made." *Commonwealth v. Clair*, supra, 458 Pa. 423, 326 A.2d 274. "A party may not remain silent and take chances on a verdict and afterwards complain of matters which, if erroneous, the court would have corrected." *Commonwealth v. Clair*, supra, 458 Pa. 423, 326 A.2d 274; *Commonwealth v. Marlin*, 452 Pa. 380, 382, 305 A.2d 14, 16 (1973). Therefore, we find that defense counsel should have preserved the issue for appeal, and that the first issue is without merit.

The second issue is whether it was prejudicial to the defendant for the court to charge the jury on flight. We find no merit in this argument. The defendant ran from the scene of the crime. For approximately three years after the shooting of decedent, detectives stopped at the defendant's home at least once or twice a week. When the police went to the home of the woman with whom he was staying, she told the police that the defendant was there and gave them permission to enter. As the police ascended the stairs, they observed the defendant descending the stairs, identified themselves, and told the defendant to "freeze." The defend-

ant did not stop, but went into a room and closed the door. The police ordered the defendant out of the room and he complied. He then gave the police a false name.

> Where immediately after homicide, the defendant abandoned his normal pattern of living and could not be located at those places where his regular pursuits would place him, and contacts at his residence . . . were to no avail, and no explanation was offered for this absence, there was permissible inference that defendant was aware that he was being sought by police and attempted to conceal his whereabouts to avoid apprehension.

*Commonwealth v. Tinsley*, 465 Pa. 329, 333, 350 A.2d 791, 793 (1976). An inference of guilt may be drawn from an act of flight, especially when the defendant could not be found for three years.

> The rule of law in this situation is "When a person commits a crime, knows that he is wanted therefor, and flees or conceals himself, such conduct is evidence of consciousness of guilt, and may form the basis in connection with other proof from which guilt may be inferred."

*Commonwealth v. Coyle*, 415 Pa. 379, 393, 203 A.2d 782, 789 (1964). *Commonwealth v. Osbourne*, 433 Pa. 297, 302–303, 249 A.2d 330, 333 (1969), *Commonwealth v. Tinsley*, supra, 465 Pa. 333, 350 A.2d 792, *Commonwealth v. Whack*, 482 Pa. 137, 142, 393 A.2d 417, 419–420 (1978). Based on the aforementioned circumstances of flight from the scene of the crime, pursuit by police for three years, and flight from the police when the defendant was located at the house where he was living, the lower court was correct in its instruction to the jury concerning the defendant's flight and the inference which may be drawn from it. *Commonwealth v. Jones*, 250 Pa.Super. 471, 486, 487, 378 A.2d 1245, 1252–1253 (1977).

The third issue the defendant has raised is if, in its charge to the jury, the lower court gave a fair review of the evidence. In reviewing the record, we find no merit to this argument.

█ "It is true that the charge to the jury must be read as a whole in order to determine if it was fair and not

prejudicial." *Commonwealth v. Wortham*, 471 Pa. 243, 247, 369 A.2d 1287, 1289 (1977). A court's charge to the jury will be upheld if it adequately and accurately reflects the law and was sufficient to guide the jury properly in its deliberations. *Commonwealth v. Perkins*, 473 Pa. 116, 131, 373 A.2d 1076, 1083 (1977). The court's instructions did not vary from the evidence. The defendant argues that the trial court did not review every detail of the identification testimony. In its instruction, the lower court stated that the witnesses were within fifteen feet of the defendant when he shot the deceased, that they identified the defendant's photograph among seven others at the police station, and that both witnesses positively identified the defendant as the person who fired the gun.

■ The trial court carefully instructed the jurors many times that they were the sole judges of the facts, and that their recollection, and not the trial court's, controlled. *Commonwealth v. Bederka*, 459 Pa. 653, 659–660, 331 A.2d 181, 184 (1975). Therefore, the trial court need not review all the testimony in the case when it comments on the evidence.

■ The trial court will be held to have committed reversible error under circumstances where the variance between the trial court's comment and the evidence is so seriously prejudiced as to deprive the defendant of a fair trial. *Commonwealth v. Crawford*, 452 Pa. 326, 330–331, 305 A.2d 893, 895 (1973). This is not the situation in this case.

The fourth, and final, issue, which the defendant has raised, is whether the Assistant District Attorney's remarks in his summation to the jury as to the cooperation of the defendant at the time of defendant's arrest were highly improper.

During the Assistant District Attorney's summation to the jury, he stated, in reference to the defendant's arrest: "Come on, ladies and gentlemen. Don't you think that is important? This man hasn't once been cooperative." The

defense counsel objected to this statement, and the objection was sustained. The defense counsel then asked the court to give an instruction to the jury concerning this remark. The court instructed the jury to ignore the statement of the Assistant District Attorney.

If the remark in the Assistant District Attorney's summation was prejudicial to the defendant or highly improper, defense counsel should have requested a mistrial pursuant to Pa. Rule Crim. Procedure 1118. Defense counsel never did request a mistrial.

> "Our Superior Court has said and we agree: 'Every unwise or irrelevant remark made in the course of a trial by a judge, a witness, or counsel does not compel the granting of a new trial.' " Quoting *Commonwealth v. Phillips*, 183 Pa.Superior Ct. 377, 382, 132 A.2d 733, 736 (1957). *Commonwealth v. Goosby*, 450 Pa. 609, 611, 301 A.2d 673, 674 (1973).

We do not find that the Assistant District Attorney's remarks were prejudicial to the defendant. At trial, evidence was introduced that the defendant attempted to hide from the police, and upon apprehension, told the police his name was Michael Boone. "The District Attorney [is to] limit his statements to the facts in evidence and legitimate inferences therefrom." *Commonwealth v. Revty*, 448 Pa. 512, 516, 295 A.2d 300, 302 (1972). In reviewing the record, we find that the Assistant District Attorney, in this case, has followed the *Revty* standard.

Additionally, in *Commonwealth v. Terry*, 482 Pa. 564, 571, 394 A.2d 466, 469 (1978), the court found an absence of prejudice in the prosecutor's closing remarks to the jury in light of the curative instructions by the trial court. We also find that the lower court in this case gave curative instructions to the jury, and that the Assistant District Attorney's remarks did not prejudice the defendant.

The court below is hereby affirmed.