J-S49014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES PORTER | |
| Appellant | No. 1162 EDA 2015 |

Appeal from the Judgment of Sentence November 20, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001611-2011

BEFORE:  PANELLA, J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                **FILED AUGUST 02, 2016**

Appellant, James Porter, appeals from the judgment of sentence entered November 20, 2014, in the Court of Common Pleas of Philadelphia County, following his conviction of resisting arrest, 18 Pa.C.S.A. § 5104. Upon review, we adopt the trial court's Rule 1925(a) opinion and affirm.

We take the facts and procedural history of this case from the trial court's opinion.

On January 4, 2011, Tricia Sadd attended a sheriff sale in Philadelphia in her official capacity as an attorney. Ms. Sadd was sitting in the audience when [Appellant], who was involved in the real estate transaction that she was working on, sat down next to her. He pushed his leg into Ms. Sadd's leg and asked if she had seen an individual named Robert Nemeroff. Ms. Sadd responded that she had not. [Appellant] then threatened that "if you lie one time today, you'll be looking over your shoulder for

---

[*] Former Justice specially assigned to the Superior Court.

the rest of your life" and briskly walked away. Ms. Sadd reported the interaction to the sheriffs who seated her at the front of the room. When the disputed property came up for sale, [Appellant] began yelling. The individual conducting the sale, Ed Chew, made several announcements that there was to be no public announcements and requested that [Appellant] sit down. Ms. Sa[d]d observed a few sheriffs approach [Appellant], struggle with the [Appellant], and eventually arrest [Appellant].

Deputy James McCarrie, Lieutenant Guerino Busillo, and Inspector Paris Washington were all working in their official capacity at the sheriff sale on January 4, 2011. During the sale, Ms. Sadd informed Lieutenant Busillo that she had been threatened by [Appellant] and the Lieutenant moved her to the front of the room. After a little while, [Appellant] stood up and made a speech that disrupted the sale. Mr. Chew told the [Appellant] to sit down multiple times, and when [Appellant] failed to do so, he called for security. Lieutenant Busillo approached [Appellant] and told him to sit down and when [Appellant] failed to comply, Lieutenant Busillo warned him that if he did not sit down he would have to leave. When [he] continued to refuse to sit down or stop talking, Mr. Chew ordered Lieutenant Busillo to remove [Appellant].

Deputy McCarrie joined Lieutenant Busillo and they both identified themselves as sheriffs. Lieutenant Busillo approached [Appellant] to escort him out and [Appellant] said "you're going to have to throw me out." Lieutenant Busillo reached out to escort [Appellant] out of the room, but [Appellant] pushed the Lieutenant away. Deputy McCarrie stepped in and put his hand on [Appellant's] elbow to escort him out of the hall. [Appellant] elbowed Deputy McCarrie causing him to fall to the ground. Inspector Paris Washington observed the struggle and went to aid the sheriffs in restraining [Appellant]. Five sheriffs struggled with [Appellant] and attempted to restrain him. All of the sheriffs identified themselves and continually instructed [Appellant] to stop resisting, which he refused to do. It took the five sheriffs over two minutes to restrain [Appellant] and put him in handcuffs. As a result of the struggle with [Appellant], Deputy McCarrie suffered a sprained shoulder and missed multiple days of work.

Trial Court Opinion, 11/18/15 at 2-3.

A jury convicted Appellant of resisting arrest. The trial court sentenced Appellant to two years of probation. The court also denied Appellant's motion for extraordinary relief. On December 1, 2014, Appellant filed motions seeking reconsideration, a new trial and a judgment of acquittal. Following a hearing on March 23, 2015, the court denied Appellant's motions, permitted defense counsel to withdraw and appointed new counsel. This timely appeal followed.

Appellant raises the following issues for our review:

[1.] Was the evidence presented at trial sufficient as a matter of law to support the conviction for resisting arrest (18 Pa.C.S.A. § 5104) where the sheriff's deputy effecting the arrest of defendant lacked probable cause to arrest defendant?

[2.] Was the evidence presented at trial sufficient as a matter of law to support the conviction for resisting arrest … where the defendant did not cause a substantial risk of bodily injury to the sheriff's deputies [a]ffecting the arrest of defendant?

[3.] With respect to the charge of resisting arrest … was the verdict … against the weight of the evidence and so contrary to the evidence that it shocks one's sense of justice?

[4.] Did the trial court provide an instruction to the jury prior to deliberations regarding the charge of resisting arrest, which was incomplete, inadequate, unclear, misleading, inappropriate and prejudicial to defendant thus constituting an abuse of discretion?

[5.] Did the trial court abuse its discretion when it ruled that a number of photos purportedly taken of defendant following the incident leading to his arrest were inadmissible at trial?

Appellant's Brief at 6.

After careful review of the parties' briefs, the record on appeal, and the relevant case law, we conclude that the trial court's opinion, authored by

the Honorable Kenneth J. Powell, Jr., thoroughly and properly disposes of Appellant's issues on appeal. **See** Trial Court Opinion, 11/18/15, at 6-15. We, therefore, affirm the judgment of sentence based on the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/2/2016

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA　　:　CP-51-CR-0001611-2011

:

:

: 1162 EDA 2015

v.　　　　　　　　　　　　　　　　:



CP-51-CR-0001611-2011 Comm. v. Porter, James
Opinion

JAMES PORTER

7371465261

**FILED**

NOV 1 8 2015

Criminal Appeals Unit
First Judicial District of PA

<u>OPINION</u>

**Powell, J.**　　　　　　　　　　　　　　　　　　　　　**November 18, 2015**

<u>Procedural History</u>

On January 4, 2011, the defendant, James Porter, was arrested and charged with

Aggravated Assault (18 Pa.C.S. § 2702), Simple Assault (18 Pa.C.S. § 2701), Recklessly

Endangering Another Person (18 Pa.C.S. § 2705) ("REAP"), Resisting Arrest (18 Pa.C.S. §

5104), Disrupting a Meeting (18 Pa.C.S. § 5508), two counts of Harassment (18 Pa.C.S. § 2709),

Criminal Trespass (18 Pa.C.S. § 3503), Disorderly Conduct (18 Pa.C.S. § 5503), and Terroristic

Threats (18 Pa.C.S. § 2706).

On September 8, 2014, the defendant appeared before this Court and elected to be tried

by jury. On September 16, 2014, the jury convicted the defendant of Resisting Arrest. The jury

acquitted the defendant of Aggravated Assault, Simple Assault, REAP, and Terroristic Threats.[1]

On November 20, 2014, this Court sentenced the defendant to two years of reporting

probation for Resisting Arrest. That same day, this Court denied defendant's Motion for

Extraordinary Relief and Post-Verdict Motion. On December 1, 2014, the defendant filed

Motions for Reconsideration, for a New Trial, and for a Judgment of Acquittal. On March 23,

---

[1] All other charges were *nolle prossed.*

2015, after a hearing, this Court denied defendant's Motions and permitted defense counsel to withdraw.

On April 20, 2015, the defendant filed a Notice of Appeal. On April 24, 2015, this Court ordered the defendant to submit a Statement of Matters Complained of on Appeal pursuant Pa.R.A.P. 1925(b). On May 13, 2015, the defendant submitted a timely Statement and a Request for an Extension of Time to File a Supplemental Statement upon completion of the notes of testimony. The next day, this Court granted defendant's request for an Extension of Time to File a Supplemental Statement. The defendant has not filed a supplemental Statement.

## Facts

On January 4, 2011, Tricia Sadd attended a sheriff sale in Philadelphia in her official capacity as an attorney. Ms. Sadd was sitting in the audience when the defendant, who was involved in the real estate transaction that she was working on, sat down next to her. He pushed his leg into Ms. Sadd's leg and asked if she had seen an individual named Robert Nemeroff. Ms. Sadd responded that she had not. The defendant then threatened that "if you lie one time today, you'll be looking over your shoulder for the rest of your life" and briskly walked away. Ms. Sadd reported the interaction to the sheriffs who seated her at the front of the room. When the disputed property came up for sale, the defendant began yelling. The individual conducting the sale, Ed Chew, made several announcements that there was to be no public announcements and requested that the defendant sit down. Ms. Said observed a few sheriffs approach the defendant, struggle with the defendant, and eventually arrest the defendant. N.T. 9/9/2014 at 34, 46, 50, 54-55, 62.

Deputy James McCarrie, Lieutenant Guerino Busillo, and Inspector Paris Washington were all working in their official capacity at the sheriff sale on January 4, 2011. During the sale, Ms. Sadd informed Lieutenant Busillo that she had been threatened by the defendant and the

2

Lieutenant moved her to the front of the room. After a little while, the defendant stood up and made a speech that disrupted the sale. Mr. Chew told the defendant to sit down multiple times, and when the defendant failed to do so, he called for security. Lieutenant Busillo approached the defendant and told him to sit down and when the defendant failed to comply, Lieutenant Busillo warned him that if he did not sit down he would have to leave. When the defendant continued to refuse to sit down or stop talking, Mr. Chew ordered Lieutenant Busillo to remove the defendant.

Deputy McCarrie joined Lieutenant Busillo and they both identified themselves as sheriffs. Lieutenant Busillo approached the defendant to escort him out and the defendant said "you're going to have to throw me out." Lieutenant Busillo reached out to escort the defendant out of the room, but the defendant pushed the Lieutenant away. Deputy McCarrie stepped in and put his hand on the defendant's elbow to escort him out of the hall. The defendant elbowed Deputy McCarrie causing him to fall to the ground. Inspector Paris Washington observed the struggle and went to aid the sheriffs in restraining the defendant. Five sheriffs struggled with the defendant and attempted to restrain him. All of the sheriffs identified themselves and continually instructed the defendant to stop resisting, which he refused to do. It took the five sheriffs over two minutes to restrain the defendant and put him in handcuffs. As a result of the struggle with the defendant, Deputy McCarrie suffered a sprained shoulder and missed multiple days of work. N.T. 9/10/2014 at 88, 89, 103, 105, 109-117, 129, 162, 166, 171-178; N.T. 9/11/2014 at 22-23, 27, 33.

The defendant presented testimony from Philip Kemmerer, Deputy Angelinel Brown, and Deputy William Bengochea who were working at the sheriff sale on January 4, 2011. These individuals observed the defendant make an announcement and him struggle with multiple sheriffs. N.T. 9/11/2014 at 104, 110-112, 133, 138, 143; N.T. 9/12/2014 at 60-65.

3

Robert Nemeroff testified on behalf of the defendant that he represented TD Bank in the litigation involving the disputed property. Mr. Nemeroff indicated that the property was foreclosed upon and there was a debt of $3.3 million dollars. Prior to the sheriff sale, Mr. Nemeroff told the defendant that he would be willing to make an announcement about the pending federal litigation involving the property but he did not attend the sale. N.T. 9/11/2014 at 165, 168.

The defendant presented testimony from Police Officer Jermaine Harris who arrested the defendant. Officer Harris indicated that after the defendant was processed at the police district, he was transported to the hospital for an injury above his eye. N.T. 9/11/2014 at 181.

David Porter, the defendant's brother, and Marilyn Sankowski, the defendant's mother, testified on his behalf. They both claimed that during the sheriff sale the defendant stood up and made an announcement. Mr. Chew ran up to the defendant, told the defendant he could not make an announcement, and grabbed his arm. A couple other men then came over and "jumped" the defendant. The men pulled the defendant to the ground and during the struggle the defendant said he couldn't breathe. The defendant's mother and brother asserted that the sheriffs did not identify themselves as law enforcement. The defendant's brother observed a cut on the defendant's head after the struggle. N.T. 9/12/2014 at 68, 73-8-90, 110-116.

Debra Porter, the defendant's wife, testified that the day after the sheriff sale, when the defendant was released, she observed that he had a knot on his head, bruising, and a cut. N.T. 9/11/2014 at 168-172.

The defense presented testimony that he has a reputation for being peaceful, honest and law abiding from Frank Reale, Charles Clark, John Ballisteri, James L. Porter, Julie Persily, Police Officer Mike Winkler, Frank Bosak, Joe Joyner, Mike Clark, Charles Clark, Dr. Ken

4

Herritt, William McDowell, Tyler Jones, Frank Bartholomew, Garth Yarnell, Andrew Goldfarb, and Garfield Mark Burgess. N.T. 9/11/2014 at 90, 188, 196-198.

Issues

The defendant alleges that the evidence was insufficient to support his conviction for Resisting Arrest, that his conviction was against the weight of the evidence, that this Court's instruction to the jury was erroneous, that this Court erred when it ruled certain photographs were inadmissible, that this Court erred in failing to issue bench warrants, that this Court erred in denying a request by the defendant to call Deputy Sherriff Joseph Vignola, and that this Court erred when it limited the scope of the defendant's mother's testimony at trial.

The defendant alleges that "[t]he trial court erred when it limited the scope of defense examination of defendant's mother at trial." A review of the record does not reveal that this Court limited the defense's examination of Ms. Sankowski. Nor did the defense make any objection at trial. This claim is waived.

The defendant next claims that this Court erred "when it denied a request by defendant to call Deputy Sherriff Joseph Vignola as a witness at trial." Sherriff Vignola testified outside the presence of the jury and was available to testify if called by the defense. However, the defense, on the record, stated that they did not intend to call Sherriff Vignola. N.T. 9/12/2014 at 34-35. A review of the record reveals that this Court did not deny a request by the defendant to call Sherriff Vignola. This claim is meritless.

The defendant asserts that the Court erred "when it denied a request by defendant to issue bench warrants for several of defendant's proposed trial witnesses due to alleged defects in service of trial subpoenas." During the discussion regarding the defendant's potential witnesses this Court expressed that it would issue bench warrants for the witnesses who had been

5

subpoenaed. N.T. 9/11/2014 at 8-9. Although during a later discussion, this Court indicated that it would not issue a bench warrant if the witness had not been properly served, a review of the record does not reveal that this Court denied a request by the defendant to issue a bench warrant for any witnesses. N.T. 9/11/2014 at 96-101. This claim is meritless.

The defendant claims that "[t]he trial court erred when it ruled that a number of photo[graphs] purportedly taken of defendant following the incident leading to his arrest were inadmissible at trial." The admissibility of evidence is within the sound discretion of the trial court and a trial court's decision concerning admissibility of evidence will not be reversed absent an abuse of discretion. *Commonwealth v. Belknap*, 105 A.3d 7, 9-10 (Pa. Super. 2014) (citation omitted). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." *Id.* (*quoting Commonwealth v. Mendez,* 74 A.3d 256, 260 (Pa. Super. 2013)).

Relevance, as well as the admissibility, of photographic material are matters trusted to the sound discretion of the trial court. *Commonwealth v. Ogrod*, 839 A.2d 294, 334 (Pa. 2003) (citations omitted). As in the admission of any other evidence, a trial court may in its discretion admit demonstrative evidence, such as a photograph, if its relevance outweighs any potential prejudice effect. *Commonwealth v. Reid*, 811 A.2d 530, 552 (Pa. 2002) (*citing Commonwealth v. Hudson,* 414 A.2d 1381, 1386 (Pa. 1980)). Admissibility of photographic evidence involves a two-part analysis. "The court must first determine if the photograph is inflammatory and then, if it is, the court must apply a balancing test to determine whether the photograph is of such essential evidentiary value that its need clearly outweighs the likelihood of inflaming the minds

6

and passions of the jury." *Commonwealth v. Ballard*, 80 A.3d 380, 392-93 (Pa. 2013) *cert. denied sub nom.* 134 S. Ct. 2842, 189 L. Ed. 2d 824 (2014) (citation omitted).

Finally, this Court notes that demonstrative evidence must also be properly authenticated by evidence sufficient to show that it is a fair and accurate representation of what it is purported to depict. Pa.R.E. 901. Also a photograph must be shown to be a faithful and accurate reproduction of the object in question. *Semet v. Andorra Nurseries, Inc.*, 219 A.2d 357, 359-60 (Pa. 1966) (citation omitted) (finding a picture taken of a ladder at scene of the accident 52 days after the incident inadmissible as there was no evidence the picture contained an accurate depiction of the ladder's condition at the time in question).

The photographs submitted by the defendant had the date 02/04/07 digitally recorded on them by the camera. N.T. 9/12/2014 at 146-147. Deborah Porter, the defendant's wife, stated that she took the photographs on January 5, 2011. *Id.* at 146. This Court admitted one photograph of the defendant's head which depicted his injuries which were documented in the medical records. *Id.* at 155. This Court precluded pictures of other body parts which were difficult to identify and had injuries not documented in the defendant's medical records. The excluded photographs had the wrong date and demonstrated significant injuries that appeared after the defendant left the hospital. Thus, the photographs had very little probative value as to any injuries the defendant suffered during the incident at issue. Further, the photographs were highly inflammatory. For example, one photograph depicted a serious slit across the defendant's throat, an injury that there was no testimony he received during the struggle and no documentation of in his medical records. This Court properly concluded that the excluded photographs' limited probative value was outweighed by their prejudicial effects. Finally, this Court notes that the jury was informed

7

of the defendant's injuries as Ms. Porter was permitted to testify as to the injuries she observed on her husband and his medical records were introduced.

The defendant alleges that "[t]he trial court gave an instruction to the jury prior to and during deliberations regarding the charge of Resisting Arrest, which was incomplete, unbalanced, inadequate, unclear, misleading, inappropriate, and prejudicial to the defendant." This Court instructed the jury as follows:

> To find the defendant guilty of resisting arrest, you must find that each of the following two elements has been proven beyond a reasonable doubt:
> First, that the defendant created a substantial risk of bodily injury to the deputy sheriff and resisted by means of justifying the requirements of substantial force to overcome the resistance – and in this case, there is testimony as to all of the – that I've just mentioned in the first piece of proving resisting arrest on both sides; you have to evaluate and decide which side is credible and which you're going to credit to make your decision on – second, that the defendant did so with the intent of preventing the deputy sheriff from effecting a lawful arrest or discharging any other duty.
> A person cannot commit this crime unless he or she creates a substantial risk of bodily injury or resisted by means of justifying or requiring substantial force to overcome his or her resistance.
> Let me say that over again.
> A person cannot commit this crime unless he or she creates a substantial risk of bodily injury or resisted by means justifying or requiring substantial force to overcome his or her resistance. Thus, you cannot find the defendant guilty if merely scuffled with the deputy sheriff. ...
> A person cannot commit this crime unless her or she creates a substantial risk of bodily injury, that is, resisted by means which justified or required substantial force to overcome his resistance – so if he created a substantial risk of bodily injury to other people because he resisted in such a way that required or justified substantial force to overcome his or her resistance.

N.T. 9/15/2014 at 43-45.

After this Court's final instructions, the Commonwealth, not the defendant, raised concerns regarding the instruction on Resting Arrest. The defendant supported this Court's

8

instruction, arguing that the instruction was standard and favorable to the defendant. *Id.* at 47. In an abundance of caution, this Court re-instructed the jury as follows:

> A person can commit a misdemeanor of the second degree with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty. The person creates a substantial risk of bodily injury to the public servant or anyone else or employs the means justifying or requiring substantial force to overcome the resistance. This does not mean simply running away from or scuffling with or – running away from or scuffling with or arguing with the sheriff. So it's beyond that.

*Id.* at 49-50.

Finally, during deliberations, in response to a question from the jury, this Court again instructed the jury on Resisting Arrest. The jury was instructed:

> To find the defendant guilty of [resisting arrest], you must find that each of the following two elements has been proven beyond a reasonable doubt: First, the defendant created a substantial risk of bodily harm regardless of whether any actually [sic] injury occurred – and that was in this case to the sheriff – to a sheriff- I'm sorry – and the defendant resisted by means justifying or requiring substantial force to overcome the resistance; and second, that the defendant did so with the indent [sic] of preventing the sheriff from effecting a lawful arrest or discharging a duty.
> A person cannot commit this crime unless he creates a substantial risk of injury or resist by means justifying or requiring substantial force to overcome his resistance. Thus, you cannot find the defendant guilty if you find he merely tried to run away, scuffle with or argue with the deputy sheriff in this particular matter.

N.T. 9/16/2014 at 7-8. The defendant did not object to any of the three jury instructions given by this Court. Accordingly, this claim is waived. Pennsylvania courts have long held that failure to raise a contemporaneous objection to the evidence at trial waives that claim on appeal. *Commonwealth v. Thoeun Tha*, 64 A.3d 704, 713 (Pa. Super. 2013) (citations omitted).

However, in an abundance of caution this Court will address this issue.

9

In evaluating the correctness of a jury charge, the charge must be read in its entirety and the general effect of the charge controls. *Commonwealth v. Zettlemoyer*, 454 A.2d 937, 953 (Pa. 1982); *Commonwealth v. Woodward*, 394 A.2d 508 (Pa. 1978). A court's charge to the jury will be upheld if it adequately and accurately reflects the law and was sufficient to guide the jury properly in its deliberations. *Commonwealth v. Person*, 498 A.2d 432, 434 (Pa. Super. 1985), *Commonwealth v. Orlowski*, 481 A.2d 952 (Pa. Super. 1984); *Commonwealth v. Newman*, 470 A.2d 976 (Pa. Super. 1984); *Commonwealth v. Stauffer*, 454 A.2d 1140 (Pa. Super. 1982); *Commonwealth v. Jones*, 446 A.2d 644 (Pa. Super. 1982); *Commonwealth v. Peterson*, 412 A.2d 590 (Pa. Super. 1979).

The Pennsylvania Suggested Standard Criminal Jury Instruction for Resisting Arrest states:

> The defendant has been charged with resisting [arrest] [law enforcement]. To find the defendant guilty of this offense, you must find that each of the following two elements has been proven beyond a reasonable doubt:
> *First*, that the defendant [[created a substantial risk of bodily injury [regardless of whether any actual injury occurred] to [a public servant] [a police officer] *[other official]* [or] [another person]] [resisted by means justifying or requiring substantial force to overcome the resistance] *[give specific actions]*; and
> *Second*, that the defendant did so with the intent of preventing the [public servant] [police officer] *[official]* from [effecting a lawful arrest] [discharging a duty] *[action]*.
> [2. A person cannot commit this crime unless he or she [creates a substantial risk of bodily injury] [resists by means justifying or requiring substantial force to overcome his or her resistance] *[action]*. Thus, you cannot find the defendant guilty if you find that [he] [she] merely [tried to run away from] [scuffled with] [argued with] *[action]* the [public servant] [officer] *[other official]*.]

This Court instructed the jury pursuant the Pennsylvania Suggested Standard Criminal Jury Instruction. This Court's instruction correctly stated the law and was not incomplete,

unbalanced, inadequate, unclear, misleading, inappropriate, and prejudicial. Accordingly, this claim is meritless.

The defendant alleges the evidence was insufficient to convict the defendant of Resisting Arrest because the Deputy effecting the arrest lacked probable cause to arrest the defendant and because the defendant did not cause a substantial risk of bodily injury to the Deputy.

Evidence presented at trial is sufficient when, viewed in the light most favorable to the Commonwealth as verdict winner, the evidence and all reasonable inferences derived therefrom are sufficient to establish all elements of the offense beyond a reasonable doubt. *Commonwealth v. Baumhammers*, 960 A.2d 59, 68 (Pa. 2008). The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. *Commonwealth v. Estepp*, 17 A.3d 939, 943 (Pa. Super. 2011) (*citing Commonwealth v. Brooks*, 7 A.3d 852, 856-57 (Pa. Super. 2010). The fact-finder is free to believe all, part, or none of the evidence, and credibility determinations rest solely within the purview of the fact-finder. *Commonwealth v. Treiber*, 874 A.2d 26, 30 (Pa. 2005).

A person commits Resisting Arrest if, "with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance." 18 Pa.C.S. § 5104. The Pennsylvania Supreme Court has established that a lawful arrest is an element of the crime of resisting arrest. *Commonwealth v. Franklin*, 69 A.3d 719, 724 (Pa. Super. 2013) (*citing Commonwealth v. Jackson*, 924 A.2d 618, 620 (Pa. 2007). Further, "the lawfulness of an arrest depends on the existence of probable cause to arrest the defendant." *Id.*

11

In *Commonwealth v. Franklin*, the court found that the underlying arrest for Appellant's Resisting Arrest conviction was lawful. 69 A.3d at 724. Appellant yelled so loudly that he caused a disruption during a Philadelphia City Council meeting. After asking Appellant repeatedly to leave the crowded balcony, the Sergeant involved attempted to confiscate Appellant's co-defendant's sign, which was blocking the view of the other spectators in the audience. The co-defendant responded by punching the Sergeant, after which Appellant attempted punch the Sergeant. The court found this behavior gave the Sergeant probable cause to arrest Appellant for Disorderly Conduct.

Similarly here, the defendant's announcement during the sheriff sale caused a major disruption to the normally orderly event. Because of the defendant's outburst, Mr. Chew was forced to stop the sale and instruct the defendant to sit down and cease his announcement. N.T. 9/9/2015 at 54-55; N.T. 9/10/2015 at 55-59, 172. The defendant failed to comply with multiple requests to stop his announcement and leave the sale by both Mr. Chew and multiple sheriffs. The sheriffs were then instructed to remove the defendant from the room. Finally, when Deputy McCarrie attempted to escort the defendant out of the sale, the defendant elbowed Deputy McCarrie. N.T. 9/10/2015 at 109-112, 173-176. As the sheriffs have arrest powers, they clearly had probable cause to arrest the defendant for Disorderly Conduct.

The crime of Resisting Arrest does not require evidence of serious bodily injury, nor does it require actual injury; merely exposing another to risk of such injury is sufficient to sustain conviction. *Commonwealth v. Lyons*, 555 A.2d 920, 925 (Pa. Super. 1989) (finding Appellant's struggle with the two deputies in the middle of a frigid stream with a rocky uneven bed was sufficient exposure to the risk of injury). Here, the defendant failed to comply with the numerous requests by the sheriffs to stop his announcement and leave the room. When Deputy McCarrie

12

attempted to escort the defendant out of the sale by placing his hand on the defendant's elbow, the defendant elbowed Sherriff McCarrie with such force that he fell to the floor. N.T. 9/10/2015 at 55-59, 109-112, 172-176. The defendant then engaged in a struggle with the sheriffs that lasted over two minutes. It took five sheriffs to restrain the defendant, who failed, for over two minutes, to heed their instructions to stop resisting. N.T. 9/10/2015 at 114, 176-178; N.T. 9/11/2015 at 22-23, 33. Finally, Deputy McCarrie suffered a sprained shoulder which caused him to miss multiple days of work. N.T. 9/10/2015 at 117. The defendant not only created a substantial risk of bodily injury to multiple public servants, he caused bodily injury to Deputy McCarrie. This evidence is sufficient to support the defendant's conviction for Resisting Arrest.

The defendant asserts that "the verdict was against the weight of the evidence and is so contrary to the evidence that is shocks one's sense of justice." The defendant does not provide to this Court any reasons supporting his contention that his conviction is against the weight of the evidence in his Statement. When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. *Commonwealth v. Allshouse*, 969 A.2d 1236, 1239 (Pa. Super. 2009) (citation omitted). A Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all. *Commonwealth v. Lemon*, 804 A.2d 34, 37 (Pa. Super. 2002) (citation omitted). Thus, this claim is waived. However, even if the claim is not waived, it is meritless.

Weight of the evidence and sufficiency of the evidence are discrete inquiries. An argument that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict but contends, nevertheless, that the verdict is against the weight of the evidence. *Commonwealth v. Davis*, 799 A.2d 860, 865 (Pa. Super. 2002). An allegation that the verdict is against the weight of the evidence is addressed to the sound

discretion of the trial court. *Commonwealth v. Dupre*, 866 A.2d 1089, 1101 (Pa. Super. 2005)(citing *Commonwealth v. Sullivan*, 820 A.2d 795, 805-806 (Pa. Super. 2003); *Commonwealth v. Widmer*, 744 A.2d 745, 751-752 (Pa. 2000). "A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror." *Commonwealth v. Bruce*, 916 A.2d 657, 665 (Pa. Super. 2007) (*citing Commonwealth v. Widmer*, 744 A.2d 745 (Pa. 2000)). The Supreme Court has explained that the test is whether the verdict must be so contrary to the evidence as to shock one's sense of justice. *Commonwealth v. Diggs*, 949 A.2d 873, 879-80 (Pa. 2008). For a defendant to prevail on a challenge of the weight, the evidence must be "so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Commonwealth v. Sullivan*, 820 A.2d 795, 806 (Pa. Super. 2003).

Here, the Commonwealth presented five eyewitnesses who all testified consistently that the defendant made a disruptive outburst during the sheriff sale and that he failed to comply with all instructions given to him. There was credible testimony that the defendant struck Deputy McCarrie without provocation and that the defendant engaged in a struggle with five sheriffs, for over two minutes, before he was restrained.

The defendant presented extensive witnesses and testimony which largely corroborated the Commonwealth's witnesses. Although the defendant's brother and mother asserted that the sheriffs did not identify themselves, this testimony was not credible. All of the sheriffs testified that they were wearing their badges and that they identified themselves multiple times. Also, the defendant's family members admitted to being searched by the sheriffs before entering the sale; and thus, must have been aware of the sheriffs' official capacity. Further, the defendant's family

14

asserted that the sheriffs attacked the defendant without provocation. This testimony was clearly biased and contradicted by the multiple eyewitnesses presented by the Commonwealth. This Court's conscience is not shocked where the evidence was overwhelming as to the defendant's guilt.

For the foregoing reasons, the defendant's judgment of sentence should be affirmed.

BY THE COURT,

_____
KENNETH J. POWELL, JR., J.

15