461 A.2d 1256

**James GIAMBRA and Theresa Giambra, his wife, Appellants,**

**v.**

**AETNA CASUALTY AND SURETY COMPANY and Insurance Placement Facility of Pennsylvania.**

Superior Court of Pennsylvania.

Argued Feb. 9, 1983.

Filed May 13, 1983.

Reargument Denied July 22, 1983.

Petition for Allowance of Appeal Denied Jan. 20, 1984.

232

Joseph A. Lakowski, Pittston, for appellants.

Paul A. Barrett, Scranton, for Aetna, appellee.

Patrick J. O'Connor, Philadelphia, for Insurance, appellee.

Before BROSKY, WIEAND and CIRILLO, JJ.

BROSKY, Judge:

This action was commenced by appellants who seek compensation under fire insurance policies issued by appellees for damage to the Giambras' building. It is undisputed that the building, located in Pittston, Pennsylvania, was damaged in the amount of $159,541. At issue before us is appellants' contention that there was insufficient evidence adduced at trial to put before the jury certain defenses raised by appellees. Appellees had raised the defenses that they were not obligated to compensate appellants for their loss on the grounds that the fire which damaged the building was set by appellants, or was procured by them; and/or that they were not liable because appellants had submitted false and fraudulent insurance claims to the companies. We find that the trial court properly denied the motions for new trial and judgment n.o.v. made by appellants and therefore affirm.

We note at the outset that an order either granting or refusing to grant a new trial will not be disturbed absent a manifest abuse of discretion or error of law. *Rusidoff v. DeBolt Transfer, Inc.*, 251 Pa.Super. 208, 380 A.2d 451 (1977). Motions for judgment n.o.v. should be entered only in clear cases, and any doubts should be resolved in favor of the verdict winner, considering the evidence, together with all reasonable inferences therefrom. *Steward v. Chernicky*, 439 Pa. 43, 266 A.2d 259 (1970); *Miller v. Checker Cab Co.*, 465 Pa. 82, 348 A.2d 128 (1975).

In assessing appellants' claim that there was insufficient evidence to put the aforementioned defenses before the jury, we have been guided by principles enunciated by this court in *Ruttenberg v. Fire Insurance Co.*, 122 Pa.Super. 363, 186 A. 194 (1936). In that case, we explained:

> The defense that the fire was caused directly or indirectly by the insured was an affirmative one, and the burden was therefore on the defendants to prove that the fire was set, or was caused to be set, by the insured. It was not necessary that the proof be beyond a reasonable doubt as is necessary when such a charge is made against a defendant in a criminal case. Proof of insured's fraudulent connection with the cause of the fire by a preponderance of the evidence was sufficient.... There was no eyewitness in the instant case who saw the insured set fire to his building. The verdict therefore must be supported by circumstances in evidence from which the jury may infer legitimately that the insured burned, or caused to be burned, his store, building and dwelling. Hence the vital question on this appeal is whether the evidence, viewed in a light most favorable to the defendants, is sufficient to sustain the conclusion of the jury that the insured set the fire, or that he caused it to be set. If the evidence fairly and reasonably justifies the verdict, it must be sustained. (Citations omitted.)

Id., 122 Pa.Superior at 365, 186 A. at 195. See also *Greenberg v. Aetna Insurance Co.*, 427 Pa. 494, 235 A.2d 582 (1967), as to the preponderance of the evidence standard.

Although the burden of proving arson in a case like the present one is not so heavy as in criminal cases, (see *Ruttenberg, supra*), we have been further guided by a discussion of arson in criminal cases.

In *Commonwealth v. DiNicola*, 308 Pa.Super. 535, 454 A.2d 1027 (1982), we explained, citing *Commonwealth v. Nasuti*, 385 Pa. 436, 123 A.2d 435 (1956), that

It is not necessary, however, to speculate as to a possible or even probable motive, since it is elementary that, while motive may be an important factor, it is not incumbent on the Commonwealth, in order to make out a case, to prove the existence of any motive, much less of an adequate one.... All that is required is that the evidence being circumstantial, the circumstances proved should be such as reasonably and naturally to justify an inference of guilt of the accused.... (Citations omitted.)

308 Pa.Superior at 544, 454 A.2d at 1032.

■ We similarly reject the notion that motive must be proved as a separate element, in civil cases [1] although it may, of course, form part of the circumstances from which it is inferred that the subject party has caused the fire. (See discussion with the fire was inferred in *Ruttenberg, supra.*)

In *Ruttenberg, supra*, we explained,

In a question of circumstantial evidence, the proof derived from the circumstances is a question of natural presumption and is to be found by the jury. The strength of this proof depends on the probability resulting from the facts.... It is the right of the party to have this submitted to the jury, unless it be so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.

Id., 122 Pa.Superior at 369, 186 A. at 196–197.

■ We find no error in the decision of the trial court to submit appellee's defenses to the jury. Both defenses

---

**1.** The trial court opinion indicates that it viewed proof of motive as an element of the affirmative defense raised by appellees.

revolved around the claim of the insurance companies that appellants were responsible for the fire.

The office building damaged was purchased as an investment by appellants on January 24, 1979 for $36,000. The building and land on which it was situated were mortgaged for $55,000, the difference between that figure and the purchase price representing funds that were to be used in repair of the building. Instead, however, appellants used the mortgage proceeds as income. Mr. Giambra was in arrears in his mortgages and was unemployed.

The only income that Mr. Giambra had at the time of the fire was from two apartments that he owned at an address other than the one in question.

There had been a tenant in the building that was burned, but although Mr. Giambra maintained that the tenant still owed rent, he had moved out prior to the time of the fire.

On February 26, 1979, appellants had obtained a fire insurance policy from Insurance Placement Facility for the subject premises in the amount of $60,000. On July 24, 1979, an additional policy was purchased from Aetna Insurance Company in the amount of $194,000. Appellant was told by an insurance agent for Aetna that sight unseen, based on figures he gave her, that the replacement value of the property was $216,000. It was insured for $254,000.

The fire occurred on September 16, 1979. Appellants concede that the fire was incendiary in origin, but they deny any involvement.

There was evidence presented by the fire marshall which supports the finding that the fire was purposely started. Many plastic containers, equipped with wicks for ignition were found throughout the building and holes had been cut in the floors through which the fire marshall said fire had dropped. After recounting his findings in detail, the fire marshall concluded that "this was a prepared fire which took a long, long time to prepare."

When the firemen arrived at the burning building they found all the windows and doors "secured." Although Mr.

Giambra testified that one of the several different keys to the premises was missing, he did say that he had the others. The fire marshall testified that Mr. Giambra told him that he, Mr. Giambra, possessed the only keys to the door to the second and third floors. It was on these floors that the incendiary materials were found. The door to those floors was found locked by the firefighters. The fire marshall also opined that the fire would have had to have been started by someone with a key to the building.

Mr. Giambra admitted to having removed stereo equipment from the building approximately one week before the fire.

A jury could infer from the above-recited evidence that appellants were responsible for the fire. Appellants' motions were properly denied.[2]

Order affirmed.

WIEAND, J., concurs in result.

2. We have examined parts B and C of appellant's brief and find them also to be without merit. As to appellants' claim that appellees did not allege fraud with the required particularity, we comment only that our review of the appellee's pleadings, particularly new matter filed by them, indicates that the defense was adequately raised.

The argument found in part C was addressed in substance, in the body of this opinion.