495 A.2d 973

**Richard G. MILLER, Appellant,**

v.

**PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued March 19, 1985.

Decided May 31, 1985.

Reargument Denied Aug. 12, 1985.

Ronald J. Mishkin, Stroudsburg, for appellant.

Robert M. Maskrey, Jr., Stroudsburg, for appellee.

Before OLSZEWSKI, MONTGOMERY and LEDERER,* JJ.

OLSZEWSKI, Judge:

At issue is a claim for work loss benefits under the Pennsylvania No-Fault Motor Vehicle Insurance Act, 40 P.S. Sec. 1009.101 *et seq.* Ruling that the claim was time-barred, the lower court granted summary judgment in favor of Prudential Property and Casualty Insurance Company. This appeal followed.

Section 106(c)(1) requires commencement of suit within two years of the date the victim "suffers the loss and either knows or, in the exercise of reasonable diligence should have known, that the loss was caused by the accident." 40 P.S. Sec. 1009.106(c)(1). Our Supreme Court, in *Kamperis v. Nationwide Insurance Co.*, 503 Pa. 536, 469 A.2d 1382 (1983), held that:

> Where as here no-fault benefits have not been paid for loss arising otherwise than from death, and the work loss

---

* Judge William J. Lederer, Senior Judge, of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

was known to have been caused by the accident, an action to recover work loss benefits under the Act may be commenced ... within two years after the victim's accrued work loss equals the maximum amount recoverable under the Act for work loss, $15,000....

503 Pa. at 540, 469 A.2d at 1384 (citations omitted). The parties by stipulation agree that appellant's work loss, as defined by Section 103 of the Act, began to accrue on November 7, 1980. Appellant instituted this action on October 27, 1983. Under a gross income analysis, appellant accrued a work loss of $15,000 on June 16, 1981. *See* 40 P.S. Sec. 1009.205. His claim, therefore, would be totally barred under a gross income analysis. Using instead a net income analysis, we find that appellant's claim is only partially barred. *See* 40 P.S. Sec. 1009.206. The parties agree that those benefits accrued before October 27, 1981 under the net income analysis are completely barred. Under the net income analysis applied, however, appellant would be entitled to work loss benefits in sum of $9,312.26.

 The question before us is whether Section 205 or 206 controls for the purposes of determining a limitation to appellant's action. The lower court reasoned that a straightforward reading of the Act mandated use of a gross income analysis:

"Work loss" is defined in 40 P.S. 1009.103 as the loss of gross income, not net income. Since we are not dealing with Workmen's Compensation benefits, *Motley v. State Farm Ins. Co.*, 502 Pa. 335, 466 A.2d 609 (1982) is not on point. We are bound by the plain meaning of the words of the statute. The net loss provision, 40 P.S. Sec. 1009.206, applies only to Social Security provisions. Since Plaintiff failed to file suit for more than two years after reaching the Fifteen Thousand ($15,000.00) Dollars, he is barred from receiving any work loss benefits.

The Act, on its face, does equate "work loss" with "gross income". *See, e.g.,* 40 P.S. Sec. 1009.202(b) and 1009.205. We note the apparent inconsistency between the Act and the attendant guidelines for interpreting the Act. *See* 31

Pa.Code Sec. 66.54(b) (applying a net income analysis to compute "total work loss"). We cannot, however, disregard the clear and unambiguous language of the Act. *See Platts v. Government Employees Ins. Co.*, 301 Pa.Super. 379, 447 A.2d 1017 (1982). As between an administrative guideline and a statutory enactment, the statute must of course prevail.

Order affirmed.