494 A.2d 1127

CARLSON MINING COMPANY, Appellant,

v.

TITAN COAL COMPANY, INC., Energy Services, Charles Bar-
letto, Robert L. Todd, Pete Mercurio and West
Penn Power Company.

Superior Court of Pennsylvania.

Argued March 6, 1985.

Filed June 14, 1985.

Charles W. Garbett, Ellwood City, for appellant.

John M. Silvestri, Pittsburgh, for appellees.

Before OLSZEWSKI, HESTER and SHIOMOS *, JJ.

OLSZEWSKI, Judge:

In this case, Carlson Mining Company, appellant-plaintiff below, appeals the grant of a new trial to Charles Barletto, appellee-defendant below. Appellant argues that the court improperly based its grant of a new trial on grounds not preserved by objection and brief; that the grounds are improper for the granting of a new trial; and that the trial court's original error, if any, was rendered harmless.

The facts are these. Appellant agreed to sell coal on credit to Robert Todd, one of the defendants in the original action.[1] Appellant was not paid and subsequently, sued Appellee Charles Barletto, among others, claiming that his misrepresentations induced Appellant to extend credit when he knew or should have known that the purchaser would not pay.[2]

At trial, counsel for Appellant asked Appellee Barletto whether he had ever been convicted of a crime. After objection and sidebar, the court allowed the question; the answer was that Barletto had been convicted two years

---

* Judge Thomas N. Shiomos, Senior Judge, of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

1. Prior to trial, verdicts were entered against defendants Titan Coal, Robert Todd and Pete Mercurio. Trial proceeded against Energy Services, Charles Barletto and West Penn Power.

2. The theories asserted include negligent misrepresentation of a material fact, innocent misrepresentation of a material fact, and contract. A nonsuit was entered on the first two theories.

earlier of conspiracy to transport stolen goods in interstate commerce. Subsequently the president of Appellant, when cross-examined, admitted to a conviction for armed robbery in 1963. The court cautioned the jury that these convictions could be considered only on the issue of witness credibility. The jury returned a verdict for Appellant for $68,000; Appellant had demanded $135,000 in its complaint.

On Appellee's motion, the court granted a new trial, stating that allowing cross-examination of Barletto as to his conviction was error.[3] There were no other reasons given for the grant.

■■■ Our standard of review for the grant of a new trial requires us to examine the reasoning of the court: absent manifest abuse of discretion or an error of law, we will not disturb the decision of the lower court. *Giambra v. Aetna Casualty and Surety Co.*, 315 Pa.Super. 231, 461 A.2d 1256 (1983). Finding no manifest abuse of discretion, we turn to whether the court below committed an error of law.

■■■ An examination of the record shows counsel for Appellee did not properly preserve, on the record, any objection to the question other than that of prejudice. Therefore, if the court relied on a reason other than prejudice in awarding a new trial, it erred, since a court may only rule on questions preserved and presented to it by a litigant. *Carnicelli v. Bartram*, 289 Pa.Super. 424, 433 A.2d 878 (1981). The court relied on two reasons: failure of Appellant to document the finality of the conviction, and prejudice to Appellee exceeding probative value of the evidence. The court could not properly hold on the first issue. Our decision thus turns on whether the court's decision that the evidence should have been excluded, based on prejudice to Appellee, is correct as a matter of law.

**3.** There were apparently two reasons why the court found error: the finality of the conviction was not properly documented, and the information was more prejudicial than probative. Lower court op. at 3, 5–6

## Impeachment by Prior Conviction

■ Evidence of proof of prior convictions to impeach witness veracity is a subset of character evidence generally.[4] The underlying rationale for allowing impeachment by showing prior convictions is that a person who has demonstrated his contempt for social constraints by committing crimes is less reluctant to lie under oath than persons who have not been convicted of committing crimes.[5] Pennsylvania permits the use of prior convictions to impeach witness credibility in criminal cases. 42 Pa.C.S. Sec. 5918 (Purdon's 1982). In Pennsylvania we have no rule on whether the credibility of a witness in a civil case may be impeached by proof of prior convictions.

■ It has been held, however, that evidence of the good character of a witness is not admissible in civil cases unless a witness' character has been attacked. *Greenberg v. Aetna Insurance co.*, 427 Pa. 494, 235 A.2d 582 (1967). That decision implies that evidence of a witness' bad character may be introduced.[6] As impeachment by prior convictions

**4.** McCormick on Evidence 549–64 (Cleary 3d ed. 1984).

**5.** *See* Uviller, Evidence of Character to Prove Conduct; Illusion, Illogic and Injustice in the Courtroom, 130 U.Pa.L.Rev. 845, 866 (1982). We express no opinion on whether this presumption has merit.

**6.** We note that Federal Rule of Evidence 608 permits the introduction of character evidence:

**Rule 608. Evidence of Character and Conduct of Witness.**
(a) Opinion and reputation evidence of character.—The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.
(b) Specific instances of conduct.—Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

is a subset of character evidence generally, we see no reason under our cases why prior convictions may not be used in civil cases to impeach witness credibility.[7]

The question remains as to when we should allow the use of convictions to impeach. The major concern in using criminal convictions to impeach credibility is that the jury will misapprehend the use for which such evidence is advanced. There is prejudice inherent in permitting prior convictions to be used to impeach the credibility of the criminal defendant:

> The most troublesome aspect of impeachment by evidence of conviction if presented when the witness is himself the accused in a criminal case.... There is apparent a growing uneasiness that impeachment in this form not only casts doubt upon his credibility "but may also result in casting such an atmosphere of aspersion and disrepute about the defendant as to convince the jury that he is a habitual lawbreaker who should be punished and confined for the general good of the community." *Richards v. United States,* 89 U.S.App.D.C. 354, 357, 192 F.2d 602, 605 (1951).

> The giving of testimony, whether by an accused or by any other witness, does not operate as a waiver of his privilege against self-incrimination when examined with respect to matters which relate only to credibility.

**7.** We note that the Federal Rules of Evidence do not differentiate between civil and criminal cases on the use of evidence of this nature. F.R.E. 609 permits the use of prior criminal convictions:

> **Rule 609. Impeachment by Evidence of Conviction of Crime**
> (a) General rule.—For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant or (2) involved dishonesty or false statement, regardless of the punishment....

> For various civil cases allowing the use of criminal convictions to impeach, *see Lenard v. Argento,* 699 F.2d 874 (7th Cir.1983); *Shows v. M/V Red Eagle,* 695 F.2d 114 (5th Cir.1983); *Carlsen v. Javurek,* 526 F.2d 202 (8th Cir.1975); and *Abbott Laboratories, Ross Laboratories Division, v. NLRB,* 540 F.2d 662 (4th Cir.1976).

Advisory Committee's Note to 1971 Draft of the Federal Rules of Evidence, 10 Moore's Federal Practice Sec. 609.01 (1982).

Our Supreme Court has laid down guidelines for criminal proceedings, but has never addressed the issue in a civil case. However, the federal courts have.[8]

The federal courts apparently use the same standard in civil cases as they do in criminal cases. For example, in *United States v. Mahone*, 537 F.2d 922 (7th Cir.1976), the Court of Appeals for the Seventh Circuit stated the rules for admitting prior convictions in a criminal case were:

**8.** In *Luck v. United States*, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965), the United States Court of Appeals for the District of Columbia held that the trial court should exercise discretion in permitting the use of prior convictions:

> In exercising discretion in this respect, a number of factors might be relevant, such as the nature of the prior crimes, the length of the criminal record, the age and circumstances of the defendant, and, above all, the extent to which it is more important to the search for truth in a particular case for the jury to hear the defendant's story than to know of a prior conviction.

*Id.* at 157, 348 F.2d at 769.

The approach was modified somewhat in *Gordon v. United States*, 127 U.S.App.D.C. 343, 383 F.2d 936 (1967):

> One important consideration is what the effect will be if the defendant does not testify out of fear of being prejudiced because of impeachment by prior convictions. Even though a judge might find that prior convictions are relevant to credibility and the risk of prejudice to the defendant does not warrant their exclusion, he may nevertheless conclude that it is more important that the jury have the benefit of the defendant's version of the case than to have the defendant remain silent out of fear of impeachment.

*Id.* at 347–48, 383 F.2d at 940–41. Pennsylvania courts go by the *Luck* and *Gordon* courts' analysis; *see Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973). The federal judicial system has modified its rule since *Luck* and *Gordon* to permit always the use of crimes of dishonesty of falsehood (*crimen falsi*), but leaves the matter to the trial court's discretion where the crime is serious, but does not involve dishonesty or falsehood, F.R.E. 609(a). The rule as promulgated incorporates part of the *Luck* court's approach. Advisory Committee's Note to 1971 Draft, 10 Moore Federal Practice Sec. 609.01, 1.–5. (1982). The federal approach on matters not *crimen falsi* is very similar to the process used by Pennsylvania courts in determining whether to use a conviction. We first require a determination of whether the conviction is for *crimen falsi*, and, if it is, use the *Luck* and *Gordon* factors in weighing probative value against prejudicial effect. *Commonwealth v. Roots*, 482 Pa. 33, 393 A.2d 364 (1978).

(1) The impeachment value of the prior crime.

(2) The point in time of the conviction and the witness' subsequent history.

(3) The similarity between the past crime and the charged crime.

(4) The importance of the defendant's testimony.

(5) The centrality of the credibility issue.

The Court of Appeals for the Fifth Circuit, in *United States v. Preston*, 608 F.2d 626 (5th Cir.1979), cited the *Mahone* factors and added, "The danger that a jury will think, 'once a criminal, always a criminal' makes it important that the Trial Judge focus on prejudice as well as probative value." 608 F.2d at 639.

The latest civil case in the federal courts setting forth the standards to be used is *Lenard v. Argento*, 699 F.2d 874 (7th Cir.1983). In this civil rights case, the Court of Appeals for the Seventh Circuit cited *Mahone* and stated, "The determination whether the evidence of a prior conviction is more probative than prejudicial is within the trial court's discretion." 699 F.2d at 895. The court disallowed the use of a conviction to impeach the plaintiff-witness, because the conviction was 24 years old, occurred when the witness was a juvenile, and was unrelated to his truth-telling capabilities or the events in the action. *Id.* at 895.

■■■ Drawing from the federal cases, we conclude that the same standard should be used in a civil action to determine whether a conviction should be used to impeach as in a criminal action. Accordingly, the court below correctly used the test enunciated in *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973), and *Commonwealth v. Roots*, 482 Pa. 33, 393 A.2d 364 (1978). We will not disturb its determination that, under the *Bighum-Roots* factors, the evidence was more prejudicial than probative.[9]

The order granting a new trial is affirmed.

9. Appellant's third argument, that the admission of the plaintiff's prior conviction made the admission of the defendant's conviction harm-

less, is meritless. Contrary to his belief, two wrongs do not make a right.