560 A.2d 228

**Denise BRENNER, Appellant,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued May 25, 1989.

Filed June 23, 1989.

Charles S. Morrow, Pittsburgh, for appellant.

John C. Donaher, III, Pittsburgh, for appellee.

Before OLSZEWSKI, MONTEMURO and KELLY, JJ.

OLSZEWSKI, Judge:

Denise Brenner appeals from the judgment entered in the Court of Common Pleas of Allegheny County.

The facts as found by the trial court are as follows: Denise Brenner was injured in an automobile accident on July 23, 1978. On or about February 9, 1981, Brenner filed an action in assumpsit against Nationwide, the basis of which was Nationwide's failure to pay Brenner's additional medical benefits for the injuries arising out of the July 23, 1978, accident. In January of 1983, a conciliation was held before the Honorable Ralph H. Smith, Jr. At that time, the parties reached an agreement wherein Brenner would accept the payment of $203.04 in full settlement of all unpaid no-fault medical benefits.

On January 11, 1983, Nationwide forwarded to Brenner a release to be signed, informing Brenner that upon return of the executed release, the settlement draft already issued would be forwarded. Numerous written requests were made by Nationwide's counsel to Brenner's counsel for return of the release. Not receiving any response over a period of ten months, Nationwide petitioned the trial court to enforce the settlement.

Finally, on January 17, 1984, Brenner executed the release and satisfied the docket. Since it had been over a year from the issuance of the original settlement check, which now bore a stale date, a new check was promptly issued on January 24, 1984, and sent to Brenner.

The instant action was commenced on December 27, 1985. In this second action, Brenner requested payment for further medical bills allegedly incurred as a result of the July 1978 automobile accident. These expenses totaled $7,887.64. Upon review, the trial court held that pursuant to the Pennsylvania No–Fault Motor Vehicle Insurance Act, 40 Pa.S. § 1009.106(c)(1) (repealed 1984), Brenner's claim

was barred by the statute of limitations since it was commenced later than two years after the last payment of benefits. Thereafter, the trial court entered judgment in favor of Nationwide, and Brenner filed the instant appeal.

On appeal, Brenner contends that the trial court erred in its determination since she did not actually receive the check until January 24, 1984. As such, since the instant action was commenced on December 27, 1985, approximately one year thereafter, Brenner alleges that the claim is within the two-year time limitation. We disagree.

The statutory provision in question dictates that: if no-fault benefits have been paid for loss arising otherwise from death, an action for further benefits, other than survivor's benefits, by either the same or another claimant may be commenced *not later than two years after the last payment of benefits.* 40 Pa.S. § 1009.106(c)(1) (emphasis added). In interpreting a statute, this Court may not disregard its clear and unambiguous language. *Miller v. Prudential Property and Casualty Insurance Co.,* 344 Pa.Super. 28, 495 A.2d 973 (1985). Further, this Court will not reverse the decision of the trial court absent a manifest abuse of discretion or error of law. *Carlson Mining Co. v. Titan Coal Co., Inc.,* 343 Pa.Super. 364, 494 A.2d 1127 (1985).

Upon review, it is evident that this is an issue of first impression. As such, we shall review the facts of the instant case and apply them to the statute in question without the aid of prior caselaw.

Instantly, the record demonstrates that on January 24, 1983, Nationwide's attorney notified Brenner that he was in possession of the settlement check and would forward the same to her upon receipt of an executed release. The release had been sent to her attorney on January 11, 1983. Brenner, however, failed to respond in any way. After ten months of unsuccessfully trying to execute the settlement, Nationwide petitioned the trial court to ensure its enforcement. Finally, on January 17, 1984, Brenner responded and executed the release. Since, however, the date on the check

was stale, Nationwide was forced to issue a new check which bore the date of January 24, 1984. As such, Brenner contends that the new date constituted the date of the last payment of benefits. It is evident, however, that but for Brenner's unwillingness to cooperate, she would have received the check on January 24, 1983. In effect, Brenner is now seeking to benefit from her unjustifiable failure to comply with the terms of the settlement agreement.

Although Brenner did not actually receive the check, it was clearly within her power to do so. Moreover, the record demonstrates that Nationwide did nothing to prevent her from obtaining the check. As such, Nationwide should not be punished for Brenner's uncooperative behavior. Accordingly, since Brenner "constructively" received the check on January 24, 1983, the last payment of benefits, for purposes of the statute, occurred on January 24, 1983. Therefore, Brenner's subsequent action of December 27, 1985, which is approximately three years from the date of the last payment of benefits, is barred by the statute of limitations and the trial court did not err in its determination.

Accordingly, this Court affirms the decision of the trial court.