## Kraus v. Taylor

C.P. of Bucks County, no. 92-09787-20-2.

*James L. Rosenbaum,* for plaintiff.
*Thomas P. Bracaglia,* for defendants.

McANDREWS, *J.,* June 9, 1997—This matter is before the court upon post-trial motion of plaintiff Timothy Kraus.

This negligence action arises out of an accident involving plaintiff, a pedestrian, and a motor vehicle driven by defendant James E. Taylor and owned by defendant Harris Fuels. Plaintiff sought compensation for medical expenses, as well as past and future pain and suffering, allegedly related to personal injuries sustained in the accident. Plaintiff named defendant Harris Fuels in the suit under a theory of vicarious liability, as the employer of defendant Taylor.

The case was called to trial on October 1, 1996. At the close of plaintiff's case on liability, compulsory nonsuit under Pa.R.C.P. 230.1 was granted in favor of defendant Harris Fuels. On October 8, 1996, the jury returned a verdict in favor of defendant Taylor.

The jury found on the specific interrogatory verdict sheet that defendant Taylor was negligent but that his negligence was not a substantial factor in bringing about plaintiff's injuries. It is from this verdict that plaintiff has filed the post-trial motions.

The trial record reveals the following. At approximately 11:45 p.m. on October 20, 1990, plaintiff was crossing a five-lane highway on foot when he was struck by a motor vehicle driven by defendant James E. Taylor. Plaintiff was on his way to work. Plaintiff admitted that he was wearing dark clothing. Plaintiff stated that he had consumed several beers during the evening. It was not disputed that the area of the accident was neither illuminated by street lights nor marked as a pedestrian crossing.

At the time of the accident, defendant Taylor operated a vehicle owned by Harris Fuels. Taylor worked from the vehicle on an on-call basis. He was not on call the night of October 20, 1990.

Police Officer Dale Adams was the first to arrive on the scene. Plaintiff was lying in the street unconscious. Officer Adams examined plaintiff and detected an odor of alcohol on his breath. The officer investigated the scene of the accident and compiled a report. No citations were issued to defendant Taylor.

Plaintiff was taken by ambulance to St. Mary's Hospital. Within the hour, blood alcohol tests were performed. Plaintiff's blood alcohol content was shown to be .26.

Defendant James E. Taylor testified at trial that he did not see plaintiff until immediately prior to the accident. Taylor stated that plaintiff "darted out" into the street. A witness testified that he saw a "dark object" in the road prior to the accident. On cross-examination,

the witness described the dark object as "darting" into the street.

Plaintiff presents 13 grounds for relief in the brief in support of the motion for post-trial relief. Numerous additional grounds were asserted in the original motion for post-trial relief but do not appear in the brief. These grounds are, therefore, abandoned. Specifically, plaintiff asserts that the court erred by:

(1) instructing the jury as to the law of substantial factor;

(2) granting of nonsuit against defendant Harris Fuels;

(3) allowing evidence of plaintiff's drug and alcohol use prior to the date of the accident;

(4) allowing evidence of plaintiff's subsequent use of drugs and alcohol;

(5) allowing evidence of plaintiff's seizures prior to the date of the accident;

(6) denying plaintiff's motion for mistrial based upon the testimony given by Officer Dale Adams;

(7) allowing evidence of plaintiff's use of alcohol and blood alcohol content on the date of the accident;

(8) restricting plaintiff from testifying as to the reasons possibly underlying his history of alcohol and drug use;

(9) restricting cross-exam of defendant's medical expert Dr. Katz;

(10) "failing to give the jury instructions requested by plaintiff";

(11) interjecting "personal opinion" to the jury regarding the probative value of the evidence of plaintiff's alcohol use;

(12) permitting defendant's "access to privileged and confidential records relating to plaintiff's subsequent

detoxification for his subsequent use of drugs and alcohol"; and

(13) permitting evidence of plaintiff's prior suicide attempts.

The court addresses each of these contentions, ad seriatim, as follows:

As an initial matter, the court highlights that the decision whether to deny or grant a motion for a new trial rests soundly within the discretion of the trial court. *Houseknecht v. Walters*, 404 Pa. Super. 85, 590 A.2d 20 (1991). In a negligence case, a new trial is appropriate only where substantial reason exists. *Solomon v. Baum*, 126 Pa. Commw. 646, 560 A.2d 878 (1989). Substantial reason exists where there was a manifest abuse of discretion or a clear error of law. *Chanda v Commonwealth*, 86 Pa. Commw. 532, 485 A.2d 867 (1984).

When a motion for new trial is denied, the appealing party bears the burden of showing that an abuse of discretion or clear error of law occurred. *Chanthavong v. Tran*, 452 Pa. Super. 378, 384-85, 682 A.2d 334, 337-38 (1996). Appellant would also bear the burden of establishing that contested rulings actually prejudiced their case. *Dougherty v. Edward J. Meloney Inc.*, 443 Pa. Super. 201, 225, 661 A.2d 375, 387 (1995). The Superior Court stated in *Dougherty*:

"The appellant[s] bear a heavy burden in persuading this court that such an error occurred. In considering all of the evidence in the light most favorable to appellee[s] we must, to reverse the trial court, conclude that the verdict would be changed if another trial were granted . . . . [E]videntiary ruling[s] which did not affect the verdict will not provide a basis for disturbing the jury's judgment." *Id.* (citations omitted)

Plaintiff's first argument, that the jury's verdict was based on an erroneous charge, is devoid of merit. The jury was read the standard charge. The charge included an explanation of "substantial factor." This was appropriate because substantial factor is one of the elements in a negligence action. It was also proper because testimony had indicated that plaintiff had darted into the street while intoxicated and wearing dark clothing. Further, plaintiff failed to object to the charge at the, time of trial, which constitutes a waiver. See *Carlson Mining Co. v. Titan Coal Co. Inc.*, 343 Pa. Super. 364, 494 A.2d 1127 (1985).

Plaintiff's second contention, that nonsuit as to Harris Fuels was improperly entered, is meritless. It is well settled in Pennsylvania that compulsory nonsuit may be entered in cases where it is clear that the plaintiff has wholly failed to establish a cause of action. *Coatesville Contractors & Engineers Inc. v. Borough of Ridley Park*, 509 Pa. 533, 506 A.2d 862 (1986). Plaintiff attempted to establish a cause of action against Harris Fuels under a theory of vicarious liability. An employer may be held vicariously liable under the doctrine of respondeat superior for a servant's tortious conduct only if that conduct fell within the scope of the servant's employment. *Chuy v. Philadelphia Eagles Football Club*, 595 F.2d 1265, 1276 (3d Cir. 1979). A servant's conduct falls within the scope of his employment only if: "(a) it is of the kind he is employed to perform;

"(b) it occurs substantially within the authorized time and space limits; and

"(c) it is actuated, at least in part, by a purpose to serve the master. . . ." *Butler v. Flo-Ron Vending Co.*, 383 Pa. Super. 633, 646, 557 A.2d 730, 736 (1989) (quoting Restatement (Second) of Agency §228).

Harris Fuels could not, as a matter of law, be vicariously liable for any negligence committed by defendant Taylor. Taylor testified at trial that he was given a Harris Fuels vehicle to use for regular work and emergency calls. Uncontroverted testimony revealed that at the time of the accident, Taylor acted neither in the course of his regular work schedule nor in response to any emergency call. He was merely on his way to a convenience store to purchase cigarettes. He happened to use the Harris Fuels vehicle because it was convenient. He acted solely for his own purposes and in no way for the purposes of Harris Fuels. Thus, although plaintiff purported that Taylor acted in the course of his work for Harris Fuels, absolutely no fact supported this claim.

The court next turns to plaintiff's third, fourth and seventh contentions, related to evidence of plaintiff's use of drugs and alcohol. Plaintiff challenges the court's decision to admit into evidence:

(1) Plaintiff's history of alcohol and drug use;

(2) Plaintiff's alcohol use on the date of the accident; and

(3) St. Mary's blood alcohol test results from the night of the accident.

All three of these grounds must fail.

As an initial matter, the court notes that rulings on the admission and exclusion of evidence fall within the discretion of the trial judge and will not be overturned on appeal absent a manifest abuse of discretion. *General Equipment Manufacturers v. Westfield Insurance Co.*, 430 Pa. Super. 526, 543, 635 A.2d 173, 182 (1993). Prejudicial evidence may be admitted where relevant, and then cured by a cautionary instruction by the trial judge. *Commonwealth v. Robinson*, 433 Pa. 88, 249

A.2d 536 (1969). The instruction guards against any possible inflammatory and prejudicial effects on the jury. *Id.*

In addition, the determination of whether a person is intoxicated is a question of fact for the jury. *Commonwealth v. DiFrancesco*, 458 Pa. 188, 329 A.2d 204 (1974). Under Pennsylvania law, blood alcohol levels may be admitted in a civil case for the purpose of proving intoxication where there is corroborating evidence showing conduct suggesting intoxication and the court finds it would not be too prejudicial. *Ackerman v. Delcomico*, 336 Pa. Super. 569, 486 A.2d 410 (1984).

Corroborating evidence could come from either lay or expert testimony pertaining to conduct suggestive of intoxication. *Gallagher v. Ing*, 367 Pa. Super. 346, 532 A.2d 1179 (1987). Once blood alcohol test results are admitted, testimony must then be offered to explain the significance of the blood alcohol levels found. *Emerick v. Carson*, 325 Pa. Super. 308, 472 A.2d 1133 (1984).

In the case at bar, the court did not conclude that the evidence of alcohol use would necessarily prejudice the jury against plaintiff. Further, the relevance of the evidence was plain. The gravamen of defendant Taylor's case was that plaintiff's own negligence was the sole cause of his injuries. Evidence of plaintiff's intoxication on the date of the accident was a key component of this theory.

Evidence of alcohol abuse also went to the heart of the plaintiff's case. Plaintiff sought damages for a permanent injury. This necessitated application of mortality tables. To apply the tables accurately, the jury had to consider factors such as alcohol and drug abuse that could affect plaintiff's life expectancy.

Last of all, the evidence of alcohol abuse rebutted plaintiff's own assertion under oath that his health was excellent prior to the accident. Plaintiff's medical expert admitted that such abuse would have an adverse impact upon one's health. Thus, the evidence was relevant to the issue of plaintiff's credibility.

Most significantly, however, the record reveals that the court gave numerous instructions to the jury that, although the evidence was relevant, it was for the jury to determine its inherent value. The court repeatedly stated that the jury was not to be inflamed in any way by the evidence. These instructions safeguarded plaintiff from any prejudicial effect that may have arisen. See *Robinson, supra.*

Plaintiff's fifth assertion of error lacks any value. Plaintiff contests the court's admission of evidence related to plaintiff having suffered a seizure prior to the accident. However, plaintiff fails to establish how this evidence may have prejudiced plaintiff's case. Further, the evidence rebutted plaintiff's claim to have been in excellent health, which was highly relevant to the issue of damages.

Plaintiff's sixth contention, that mistrial should have been granted, similarly falls short. Prior to trial, plaintiff filed a motion in limine to preclude evidence of a citation issued to plaintiff. The court granted the motion.

Inexplicably, on cross-examination, plaintiff's counsel then asked a series of questions that required Officer Dale Adams to comment on the citation. Fortunately, Officer Adams only stated "criminal trans . . ." before plaintiff's counsel realized his error and made the motion for mistrial. However, the court could not grant the motion, given that plaintiff's own counsel invited the response. The court did attempt to eliminate the pos-

sibility of prejudice, by instructing the jury to disregard the statement.

The eighth argument in plaintiff's brief in support of the post-trial motion also fails. Plaintiff contends he should have been permitted to theorize about the possible reasons for his history of drug and alcohol abuse. The evidence had no relevance. Plaintiff testified that he continued to use drugs and alcohol up to the present date. Therefore, the possible reasons could be nothing more than speculative and could not advance any matter at issue in the trial.

Plaintiff's ninth ground for relief, that cross-examination of defendant's medical expert was erroneously limited, is easily dismissed. Plaintiff's counsel attempted to have the defense expert testify as to causation of plaintiff's injuries. Broad deference is given to the trial court's limitation of cross-examination. *Kearns by Kearns v. DeHaas*, 377 Pa. Super. 200, 546 A.2d 1226 (1988). Unless the ruling altogether precluded the party from offering certain evidence, it will not be overturned. *Id.* Additionally, cross-examination cannot be used to prove facts which the cross-examining party must prove in order to establish his case. *Commonwealth v. Lobel*, 294 Pa. Super. 550, 440 A.2d 602 (1982). In short, a party cannot attempt to introduce evidence under the pretext of cross-exam. *General Equipment Manufacturers v. Westfield Insurance Co.,* 430 Pa. Super. 526, 635 A.2d 173 (1993). Because this is exactly what plaintiff's counsel sought to do, the line of questioning was restricted.

The court likewise dismisses plaintiff's eleventh allegation, that the jury's verdict was tainted by comments made by the court. Remarks made by a trial judge during the course of trial may be grounds for a new trial only where they were prejudicial to a party's case.

*Bloom v. Hopman*, 173 Pa. Super. 292, 98 A.2d 414 (1953). When the jury is instructed to disregard the trial judge's expression of opinion, no grounds for a new trial exist. *Lester v. Century Indemnity Co.*, 356 Pa. 15, 50 A.2d 678 (1947). The record reveals that the court repeatedly instructed the jury to disregard any comments from the bench.

The court next dismisses with plaintiff's twelfth argument, that certain medical records admitted at trial were privileged materials. Section 7111 of the Mental Health Act provides that a person undergoing treatment by a psychotherapist may assert a psychotherapist-patient privilege. 50 Pa.C.S. However, the privilege is waived when the patient places his or her medical condition at issue in a personal injury lawsuit. *Sprague v. Walter*, 441 Pa. Super. 1, 656 A.2d 890 (1995). Plaintiff not only placed his medical condition at issue by instituting the negligence action, but also by seeking future damages within the action. Plaintiff's medical records thus became necessary to accurately apply the mortality tables. See *Helm v. Eagle Downs-Keystone Racetrack*, 385 Pa. Super. 550, 561 A.2d 812 (1989).

The thirteenth, and final, contention by plaintiff lacks merit. Plaintiff argues that plaintiff's history of suicide attempts should not have been admitted into evidence. However, the evidence was clearly relevant to the issue of plaintiff's life expectancy. It also rebutted plaintiff's testimony that he enjoyed excellent health before the accident. The court weighed this relevance against any possibility of prejudice, and allowed the matter to come into evidence.

For the forestated reasons, the court enters the attached order denying plaintiff's motion for post-trial relief.

## ORDER

And now, June 9, 1997, upon consideration of the motion for post-trial relief of plaintiff, and the memoranda of law submitted thereupon, it is ordered and directed that said motion be and is hereby denied.