# Rosborough v. Farmers Mutual Fire Insurance Company of McCandless Township

C.P. of Washington County, no. 2000-4619.

*Paul A. Tershel,* for plaintiffs.
*Kevin S. Burger,* for defendant.

O'DELL SENECA, *P.J.,* July 29, 2005—This matter comes before the court on plaintiffs' complaint for bad faith seeking compensatory and punitive damages against defendant Farmers Mutual Fire Insurance Company of McCandless Township. After a full trial and in consideration of the testimony, voluminous documentary evidence and pleadings, this court finds in favor of plaintiffs and against defendant. The parties stipulated to the following facts:

(1) On April 4, 2000, plaintiffs, David and Gay Rosborough, were the legal owners of the property located at 498 Springdale Road, Eighty-Four, Washington County, Pennsylvania.

(2) On April 4, 2000, the plaintiffs had a policy of insurance with defendant for property damage, including claims for fire loss, covering the property at 498 Springdale Road, Eighty-Four, Washington County, Pennsylvania, as evidenced by joint exhibits "I" and "II."

(3) Plaintiffs' payment for premiums on the policy were current as of April 4, 2000.

(4) Plaintiffs reported the April 4, 2000 fire at 498 Springdale Road, Eighty-Four, Washington County, Pennsylvania to defendant on April 5, 2000.

(5) The estimate of damage to plaintiffs' property at 498 Springdale Road, Eighty-Four, Washington County, Pennsylvania, a result of the April 4, 2000 fire, is undisputed and totals $38,760.86.

(6) Defendant denied plaintiffs' claim for fire loss benefits under the policy by letter dated September 18, 2000, as evidenced by joint exhibit "III."

(7) Criminal charges arising from the April 4, 2000 fire at 498 Springdale Road, Eighty-Four, Washington County, Pennsylvania were never filed against the plaintiffs.

(8) Jon Lamotte pled nolo contendere to the arson charges filed against him, arising from the April 4, 2000 fire at 498 Springdale Road, Eighty-Four, Washington County, Pennsylvania on June 13, 2003.

(9) No evidence exists that Jon Lamotte ever implicated plaintiffs in the April 4, 2000 arson at 498 Springdale Road, Eighty-Four, Washington County, Pennsylvania.

This court finds that plaintiffs' witnesses were credible and makes the following:

## FINDINGS OF FACT

(1) Plaintiffs had a mortgage on the realty at 498 Springdale Road, Eighty-Four, Pennsylvania, at approxi-

mately $700 per month. Their tenant, Jon Lamotte, was given credit for work done on the premises, after which he paid $600 per month rent. Mr. Lamotte became delinquent in his rental, but plaintiffs took no action to evict him prior to the fire.

(2) In 1999, the plaintiffs purchased a marital home situate at Rural Route #1, Box 124-A, Graysville, Pennsylvania, which also had a mortgage on it.

(3) On April 5, 2000, defendant hired Castle Claims to adjust the fire loss. Greg McQueen of Castle Claims inspected the premises, took photographs, took the statement of Mr. Lamotte, spoke to fire personnel of the Finleyville Fire Department. He obtained an estimate for repairs from Disaster Restoration Services and okayed the repairs on April 24, 2000. After speaking to the fire marshal on April 27, 2000, Disaster Restoration Services was instructed not to commence the repair work.

(4) A cause and origin report was prepared by Cypher & Associates at the request of Mr. McQueen which indicated that the cause of the fire was unknown.

(5) Mr. Lamotte's insurance company, Erie Insurance Group, retained West Investigators to perform a cause and origin investigation which concluded the fire was incendiary with the area of origin in bedroom two and noted that a lamp was used as an external heat ignition source. Shortly thereafter, Mr. Lamotte withdrew his claim.

(6) The April 4, 2000 fire was investigated by Pennsylvania State Police Trooper Charles Frye, who suspected two points of origin in the presence of accelerants and determined the fire was incendiary in nature.

(7) Plaintiffs' accounts, vis-à-vis their statements to defendant's agents, were consistent and documentary evidence existed to support same. This court found their testimony to be totally credible.

(8) Defendant's sole basis for denying the plaintiffs' claim was that they were involved in the April 4, 2000 arson via the statement of Colleen Stoneking, taken by Samuel Zets.

(9) There is no evidence to establish that the plaintiffs had any motive to be involved in the subject arson.

(10) John Wall, Esquire, Samuel Zets, Esquire, and the law firm of Burns, White and Hickton were hired to assist in the defendant's investigation of the instant fire claim, and as such, were agents of the defendant acting within the scope of business for Farmers Mutual Fire Insurance Company of McCandless Township.

(11) Attorneys Wall, Zets, and their law firm were not hired to offer legal advice, nor did they render a legal opinion concerning the plaintiffs' fire claim.

(12) Ronald McKinney was the claims adjuster and manager for defendant in this matter and acted within the scope of business for Farmers Mutual Fire Insurance Company of McCandless Township.

(13) In determining the course of plaintiffs' claim investigation, Mr. McKinney worked in concert with Attorneys Wall and Zets. However, Mr. McKinney had the sole authority and, in fact, was the person who made the decision to deny the fire claim.

(14) Farmers Mutual Fire Insurance Company of McCandless Township is a mutual company whereby its

assets are owned by the policyholders during any given policy period. It has approximately 3,600 policies in effect each year with approximately $3.4 million a year in written premiums, and pays out approximately 40 percent of same in any given year. Defendant has approximately $1.4 million in surplus.

(15) The defendant's board of directors had no involvement in the decision to deny plaintiffs' claim since Mr. McKinney did not report claims issues to them.

(16) Attorney Wall conducted an examination under oath of both plaintiffs per the directive of Mr. McKinney and reported the following to him: *"the testimony of Mr. Rosborough closely paralleled that of his wife, despite the fact that he was not present when Mrs. Rosborough was questioned."*

(17) Thereafter, Mr. Wall and Mr. McKinney requested financial records, employment records, banking records, phone records and other miscellaneous documentary evidence from the plaintiffs, which was supplied.

(18) There is no evidence to support the contention that the plaintiffs set the fire; directed anyone to set the fire; or assisted Jon Lamotte in setting the fire at the subject premises.

(19) Defendant's reliance upon Colleen Stoneking's statement as the main reason to deny plaintiffs' fire claim was insufficient as admitted by the defendant's expert, Charles J. Herman, Esquire.

(20) Colleen Stoneking's testimony revealed the following:

(a) She could not identify who she saw with Mr. Lamotte on the day of the fire;

(b) She could not be certain about the time that she passed the subject premises on April 4, 2000;

(c) She denied ever placing the plaintiffs at 498 Springdale Road, Eighty-Four, Pennsylvania, on the date of the fire; and,

(d) She had no personal knowledge of the events concerning the fire, nor had any evidence to implicate the plaintiffs in this arson.

(21) An independent eyewitness, Joanna Gorman, testified on behalf of the plaintiffs as follows:

(a) At the time of the fire, she was a next door neighbor to the realty located at 498 Springdale Road, Eighty-Four, Pennsylvania, with a clear view of the said property;

(b) Consistent with plaintiffs' testimony, she saw the Rosboroughs' vehicle parked in the 498 Springdale driveway at 11:30 a.m. and it was gone between 1 and 1:15 p.m. that day. However, another vehicle owned by Kathy Murray was on site at that time;

(c) At 2:15 p.m., no vehicles were present and between 2:35 and 2:45 p.m., the house was closed and no activity could be seen; and,

(d) At 3 p.m., a passerby stopped at her house and reported that 498 Springdale Road was on fire. Ms. Gorman called 911.

(22) Attorney Wall and Mr. McKinney were both aware of Ms. Gorman's knowledge concerning the activity at 498 Springdale Road on the day of the fire, and never revealed this information to plaintiffs or their legal counsel.

(23) Attorney Zets documented the statements of Joanna Gorman's parents, but none of the information from Ms. Gorman, even though she was present at the time Mr. Zets took their statements.

(24) Defendant failed to send a reservation of rights letter to plaintiffs and failed to provide 30- and 45-day status letters to plaintiffs in violation of the Pennsylvania Insurance Department Standards and Regulations.

(25) Defendant issued an improper cancellation of plaintiffs' coverage prior to the conclusion of the fire claim investigation, as well as sent an improper denial letter to plaintiffs in violation of the Pennsylvania Insurance Department Standards and Regulations.

(26) The defendant's conduct in investigating the plaintiffs' fire claim constitutes bad faith and is in violation of the Pennsylvania Bad Faith Statute, 42 Pa.C.S. §8371 et seq., due to the following:

(a) Its agents, being Wall, Zets, and/or McKinney, did not conduct an objective investigation of plaintiffs' fire claim;

(b) Their handling of the instant claim was biased and reckless and appeared to the court to have a goal of denying same;

(c) They failed to conduct an additional investigation when armed with information that directly contradicted the Stoneking statement;

(d) Defendant's agent unilaterally modified the Stoneking statement without her knowledge or consent;

(e) The billing records of Mr. Zets revealed that his goal was to form a "strategy towards building a case with time sheet records" against plaintiffs;

(f) Mr. McKinney was advised via written correspondence of Mr. Wall that it was important that the person taking the statement of Ms. Stoneking know the "exact time" of the fire, obviously to plant a seed of doubt against the plaintiffs and to lead Ms. Stoneking to her conclusion as to time; and,

(g) The violations of the Pennsylvania Insurance Department Standards and Regulations as stated above.

(27) This court finds that the foregoing conduct on the part of Farmers Mutual Fire Insurance Company of McCandless Township, through its agents, was outrageous. Same was exacerbated by Mr. McKinney's continual denial of plaintiffs' claim up to and including trial, even though he had information contradicting the Stoneking statement, documentary evidence to support the plaintiffs' statements, knew of the disposition of Jon Lamotte's criminal case and his affidavit, and after this court granted partial summary judgment to plaintiffs. Further, defendant's agents not only failed to conduct additional investigation, but made no attempt to reconcile the apparent conflicts between Ms. Stoneking's statement and the additional documentary evidence and statements.

(28) This court notes that defendant failed to produce the initial draft of Ms. Stoneking's statement, any notes taken by Mr. Zets while interviewing Ms. Stoneking for her statement, the notes of any conversations among its

agents, and the billing statements subpoenaed by plaintiffs were produced only after presentation of a motion to compel with this court.

(29) The failure of defendant to disclose information that was potentially harmful to its case is further evidence of outrageous conduct.

(30) The insurance policy of NAMICO providing coverage to Farmers Mutual is admissible for the purpose of determining the net worth of Farmers Mutual.

(31) The real estate located at 498 Springdale Road, Eighty-Four, Washington County, Pennsylvania, increased in value subsequent to their lease agreement with Jon Lamotte, as the latter made improvements to the home including a new roof and remodeled kitchen.

(32) Plaintiffs were forced to sell their fire-damaged home on May 21, 2001, at a loss due to the defendant's continued denial of their claim.

(33) Without payment of their claim, plaintiffs were unable to repair the fire-damaged home, forced to deplete their savings and became delinquent in their mortgage payments resulting in two foreclosure actions being filed.

(34) Subsequently, plaintiffs were forced to file bankruptcy in November 2004, to save their marital residence situate in Graysville, Greene County, Pennsylvania.

(35) Plaintiffs are entitled to the amount of fire damage to their property at 498 Springdale Road, Eighty-Four, Pennsylvania, in the amount of $38,760.86.

(36) Pursuant to the Pennsylvania Bad Faith Statute, 42 Pa.C.S. §8371, plaintiffs are entitled to attorney's fees

and punitive damages as a result of defendant's continual denial of plaintiffs' fire claim.

This court makes the following:

## CONCLUSIONS OF LAW

(1) When an insurance company denies a claim for a fire loss based upon the insured's fraudulent connection with the cause of the fire, such connection must be established by a preponderance of the evidence. *Ruttenberg v. Fire Association of Philadelphia,* 122 Pa. Super. 363, 186 A. 194 (1936).

(2) Where there is no direct evidence of the insured's arson, the fact-finder is permitted to draw reasonable inferences from the circumstantial evidence. *Sperrazza v. Cambridge Mutual Fire Insurance Co.,* 313 Pa. Super. 60, 459 A.2d 409 (1983).

(3) The fact-finder should consider a combination of evidence in an incendiary fire, including the motive of the insured, opportunity and circumstantial evidence connecting the insured to the fire. *Mele v. All Star Ins. Co.,* 453 F. Supp. 1388 (E.D. Pa. 1978).

(4) The elements need not be proven, but are things which should be considered. Specifically, motive need not be proven as a separate element. *Giambra v. Aetna Casualty and Surety Co.,* 315 Pa. Super. 231, 461 A.2d 1256 (1983).

(5) To support a finding of bad faith, the insured must show that the insurer breached its duty of good faith to some motive of self interest or ill will. Bad faith must be shown by clear and convincing evidence. *Brown v. Progressive Insurance Co.,* 860 A.2d 493 (Pa. Super. 2004).

(6) Mr. McKinney, Mr. Wall, and Mr. Zets were acting within the scope of their duties as employees and/or agents of defendant while investigating and/or handling plaintiffs' fire claim. Their conduct was reckless, biased, and outrageous.

(7) Defendant is vicariously liable for the bad faith actions of its three employees and/or agents.

(8) The Bad Faith Statute, 42 Pa.C.S. §8371, is applicable to the facts herein and provides the following:

"In an action arising under an insurance policy, if the court finds that an insurer has acted in bad faith toward the insured, the court may take all of the following actions:

"(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3 percent.

"(2) Award punitive damages against the insurer.

"(3) Assess court costs and attorney fees against the insurer."

Based on the foregoing, the court enters the following:

## VERDICT

And now, July 29, 2005, this court finds in favor of plaintiffs and against defendant in the amount of $38,760.86 compensatory damages, plus interest from April 5, 2000, at prime, plus 3 percent, plus costs in the amount of $6,517.18, plus attorneys' fees in the amount of $186,843 and punitive damages in the amount of $100,000.